# Potter, Appellant, *v.* Claar et al.

*Workmen's compensation—Course of employment—Accident—Workmen's Compensation Act, June 2, 1915, P. L. 736.*

1. No recovery can be had under the Workmen's Compensation Acts, unless the injury complained of is the result of an accident happening in the course of the employment.

2. Such an accident does not arise unless the injurious results complained of can be classed properly as a mishap, a fortuitous happening, or an untoward event, which is not expected or designed.

*Workmen's compensation—Appeal—Findings of fact—Review—Evidence—Return of record.*

3. A finding of fact by a referee under the Workmen's Compensation Acts, may be reviewed in order to determine whether or not there is any evidence to sustain it.

4. Where a claimant's proofs establish a state of facts which shows that he has no cause of action, the courts are not required to return the record to the workmen's compensation board for further proceedings.

Argued April 14, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 283, Jan. T., 1927, by plaintiff, from judgment of C. P. Blair Co., March T., 1926, No. 41, reversing award of workmen's compensation board in favor of claimant in case of Mary Potter v. E. H. & B. Claar and American Casualty Co. of Penna. Affirmed.

Appeal from award of workmen's compensation board in favor of claimant. Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

Award reversed. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Peter P. Jurchak,* for appellant.—The accident may consist of the repeated application of an injurious cause over an appreciable period of time, the cumulative result producing violence to the physical structure of the body: Gurski v. Coal Co., 262 Pa. 1; Jones v. C. & I. Co., 285 Pa. 317; McCauley v. Woolen Co., 261 Pa. 312; Mauchline v. Ins. Fund, 279 Pa. 524; Samoskie v. C. & I. Co., 280 Pa. 203; Lane v. Baking Co., 261 Pa. 329.

The courts are limited to the decision of questions of law on appeals from the workmen's compensation board: Vorbnoff v. Machine Co., 286 Pa. 199; O'Rourke v. O'Rourke, 278 Pa. 52; Poluskiewicz v. C. & I. Co., 257

Pa. 305; Laraio v. R. R., 277 Pa. 382; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163.

It is the duty of the common pleas to return the record to the workmen's compensation board after a decision reversing the findings of the board: Kuca v. Coal Co., 268 Pa. 163; Mauchline v. Ins. Fund, 279 Pa. 524; Fornatti v. Coke Co., 77 Pa. Superior Ct. 122.

*O. H. Hewit,* for appellee, was not heard.

OPINION BY MR. JUSTICE SIMPSON, May 9, 1927:

Plaintiff's husband was a truck driver for the defendants, E. H. & B. Claar. While at his home, and not in the course of his employment, he ran a splinter into the ball of his left foot. The wound festered and he was unable to work for about a week. At the end of that time, he returned to work and drove the truck a distance of some sixteen miles, using the left foot to depress the pedal which releases the clutch, just as he had always done and was compelled to do by the construction of the machine. The next day the wounded foot was much worse, he was taken to a hospital, and died of tetanus within twenty-four hours.

Claiming that his employers were liable under the Workmen's Compensation Acts, plaintiff initiated these proceedings. The referee made an award in her favor, the workmen's compensation board approved the finding, but the court of common pleas reversed and entered judgment for defendants. Plaintiff thereupon took the present appeal.

It is not claimed that there was an accident, or any unusual happening, in the course of the work decedent did after the splinter ran into his foot; but it is alleged by plaintiff, and denied by defendants, that the pressure on the ball of the foot, in the way he was required to use it, made the wound worse, and hastened his death. It is not necessary for us to consider the evidence bearing on

that point, for we are of one mind that defendants are not liable in any event.

Section 301 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 738, says that the parties entitled under the statute shall receive "compensation for personal injury to, or for the death of, such employee, by an accident, in the course of his employment......The terms 'injury' and 'personal injury' as used in this act shall be construed to mean only violence to the physical structure of the body, and such disease or infection as naturally results therefrom." It is clear that, if the language quoted is to be given its normal meaning, plaintiff cannot recover, for there was no violence to the physical structure of the body, in the course of the employment, nor any disease or infection arising from an accident occurring during that time. Plaintiff alleges, however, that, in furtherance of the beneficial purposes of the statute, we have construed those words liberally, and that such interpretation makes the defendants liable. But this is an error.

In McCauley v. Imperial Woolen Co., 261 Pa. 312, 327, we said that "It is plain from these provisions that the act before us contemplates injuries by accident only, and, therefore, does not cover what are termed 'occupational diseases'......In short, if the incident which gives rise to the injurious results complained of can be classed properly as a 'mishap' or 'fortuitous' happening, —an 'untoward event, which is not expected or designed,' —it is an accident within the meaning of the Workmen's Compensation Law: see House of Lords Case of Fenton v. Thorley & Co., 19 T. L. R. 684, 685; Boardman v. Scott & Whitworth (1902), 1 K. B. 43, 46. When, however, death results from germ infection, to bring a case of this character within the Act of 1915, supra, the disease in question must be a sudden development from some such abrupt violence to the physical structure of the body as already indicated."

In Lane v. Horn & Hardart Baking Co., 261 Pa. 329, 332, we said, "On the governing rules of law, the commissioner correctly states: 'The term "personal injury" in our act is confined to injuries of accidental origin and such diseases as naturally result therefrom, and must be held to include [only] any form of bodily harm or incapacity [accidentally] caused by [either] external violence or physical force.'"

In Clark v. Lehigh Valley Coal Co., 264 Pa. 529, 533, we said: "If death comes, during the course of employment, in an ordinary way, natural to the progress of a disease with which one is afflicted, and with which he was smitten before the accident, there can be no recovery (McCauley v. Imperial Co., supra, 327; Lane v. Horn & Hardart Co., supra, 333); but, if the demise is brought about by an injury due to some mishap, or accident, happening during the course of his employment, the fact that deceased had a chronic ailment which rendered him more susceptible to such injury than an ordinary person would be, will not defeat the right to compensation."

In Mauchline v. State Insurance Fund, 279 Pa. 524, 526, it is said: "To be an accident, within the Workmen's Compensation Law, the injury must usually result from some undesigned event occurring at a particular time" during the course of the employment.

In Gausman v. Pearson, 284 Pa. 348, 354, we said: "The next question is, Can this claim be sustained on disability resulting from apoplexy? This must be answered in the negative. Treating what happened to claimant that Saturday noon as the beginning of the apoplectic disturbance and a part thereof, it was not shown to have been an accident within the meaning of the Workmen's Compensation Law. To constitute an accident there must be some untoward occurrence aside from the usual course of events......Disability, overtaking an employee at his work, is not compensable unless the result of accident. And the burden is on claim-

ant to prove it was such and not from natural causes: Skinner's Pennsylvania Workmen's Compensation Law, 54, and cases there cited. True, Dr. Frederick attributed the exhaustion, or stroke, to claimant's exertion in the performance of his work and expressed the opinion that but for the work it would not have happened at that time; in other words that the disability was hastened by the work; even so, that alone would not constitute an accident; otherwise it would be unsafe to give employment to anyone advanced in years. Disability, hastened by such exercise, cannot be treated as accidental; neither can death or disability overtaking an employee in the course of his employment, and resulting from a natural cause; if it could, it would render the employer an insurer of the life and health of the employee."

From this review of the relevant authorities, it is clear that plaintiff is not helped by them. She could not recover unless there was "an accident in the course of the employment." Here there was none. The finding by the referee that there was such an accident, is reviewable by us since there was no evidence to support it (Stahl v. Watson Coal Co., 268 Pa. 452; Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 207); this latter case (page 210) being also authority for the proposition that "where, despite the opportunities afforded by the Workmen's Compensation Law, no relevant evidence at all is produced to sustain a particular finding, the courts are not obliged to return the record to give the one bearing the burden of proof a further opportunity to establish his case." A fortiori this must be so where, as here, the claimant proves such a state of facts as shows she has no cause of action.

The judgment of the court below is affirmed.