Betts *v*. American Stores Co. et al., Appellants.

Argued March 8, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

454

*Louis Wagner*, and with him *Richard A. Smith* and *Thomas J. Clary*, for appellant.

*Roger J. Dever*, for appellee.

Opinion by Parker, J., July 14, 1932:

This is a case arising under the workmen's compensation statutes. The referee allowed compensation which was affirmed by the board and the lower court and there is presented for our consideration the single question as to whether the claimant sustained an injury by accident.

The claimant, James Betts, for forty years a butcher by trade, was employed by the American Stores Company for four years prior to February 19, 1929. He claims that on that date, while he was engaged in the course of his employment for the defendant company, it was necessary for him to carry a "chuck" of beef, weighing approximately one hundred pounds, from the rear of a refrigerating room to a block in an adjoining room. There were several pieces of beef hanging between the door of the refrigerating room and the piece desired. To remove the "chuck" from the room, it was necessary for Betts to walk backward in a stooping position and carry the meat in his arms in such a way as to avoid and clear overhanging pieces of beef. While so engaged, claimant was suddenly seized with a severe pain in the region of his lower spine. Although he remained at work until he had completed his tasks for the day, he was unable to perform his regular duties without the aid of an assistant. The following day he was unable

to return to work, applied some home remedies and on the second day called a physician. Between the time of the injury complained of and December 24, 1929, he made several attempts to return to his work but was unable to do any lifting and suffered such pain that, between December 24, 1929, and the date of the hearing, he was disabled.

The referee found on this subject that "the carrying of the one hundred pounds of beef on February 19, 1929, in the manner as described, was the physical exertion in the course of claimant's employment that brought his vertebrae into a position such that unusual pressure was made on the spinal nerves where they pass through the dura and foramina. This pressure traumatized the nerves and set up an inflammation that resulted in more exudate being deposited and thus bringing on the disability that has persisted ever since. The aggravation of claimant's latent arthritic condition on February 19, 1929, by the exertion and physical strain attendant on carrying the "chuck" of beef, in which certain spinal nerves were traumatized, was violence to the physical structure of his body and an injury by an accident in the course of his employment."

The appellant contends that the carrying of the beef was a normal physical exertion and that, although this normal labor aggravated the arthritic condition, such happening is not an accident within the meaning of the Workmen's Compensation Act and relies for support upon the following cases: Mauchline v. State Insurance Fund, 279 Pa. 524; Gausman v. R. T. Pearson Co., 284 Pa. 348; Potter v. Claar, 289 Pa. 418; Diriscavage v. Penna. Coal Co., 96 Pa. Superior Ct. 189.

It is well settled that death, caused by over exertion in the course of employment, is an accident compensable under the workmen's compensation statutes. See Skroki v. Crucible Steel Co., 292 Pa. 550, 553 and

cases there cited. It is likewise well settled that death, in the course of employment resulting from natural causes, is not an accident or compensable: Gausman v. Pearson Co., 284 Pa. 348; Lesko v. Lehigh Valley Coal Co., 270 Pa. 15. The line of demarcation is stated by Mr. Justice WALLING in the Gausman case as follows: "Disability, overtaking an employee at his work, is not compensable unless the result of accident. ...... True, Dr. Frederick attributed the exhaustion, or stroke, to claimant's exertion in the performance of his work and expressed the opinion that but for the work it would not have happened at that time; in other words that the disability was hastened by the work; even so, that alone would not constitute an accident; otherwise it would be unsafe to give employment to any one advanced in years. Disability, hastened by such exercise, cannot be treated as accidental; neither can death or disability overtaking an employee in the course of his employment and resulting from a natural cause; if it could, it would render the employer an insurer of the life and health of the employee. ...... Where, however, the disability results from an accident, the employee's susceptibility thereto will not prevent compensation." In Clark v. Lehigh Valley Coal Co., 264 Pa. 529, 533, the Supreme Court said: "If death comes, during the course of employment, in an ordinary way, natural to the progress of a disease with which one is afflicted, and with which he was smitten before the accident, there can be no recovery; but, if the demise is brought about by an injury due to some mishap or accident, happening during the course of his employment, the fact that deceased had a chronic ailment which rendered him more susceptible to such injury than an ordinary person would be, will not defeat the right to compensation."

The argument of the learned counsel for the appellant overlooks the fact that an injury to the physical

structure of the body may be an accident within the meaning of the workmen's compensation statutes, even though incurred when performing labor in a usual manner and without over-exertion. One walking on a smooth pavement may turn his ankle in such a manner as to result in injuries that would prevent him from performing physical labor for some time and it would scarcely be contended that this would not be an accident. In such a case, it is not the walking, which is usual and ordinary, but the turning of the ankle that is a mishap or accident. In the case we are considering, it was not the carrying of the beef but the bending of the spine in such a manner as to pinch the nerves, with resulting inflammation, that constituted the accident.

Giving attention to the cases cited by appellant and referred to above, it will be noted that the causes of death were apoplexy, tetanus and emphysema. Such cases are recognized as accidents, when resulting from a shock, strain or other injury to the physical structure of the body. See Watkins v. Pittsburgh Coal Co., 278 Pa. 463; Yodis v. Phila. & Reading C. and I., 269 Pa. 586; but there must be "some untoward occurrence aside from the usual course of events": Gausman v. Pearson, supra. Here we do not need to seek a prior cause, as there was an immediate injury to the physical structure of the body.

The parties to this controversy disagree as to the weight of the evidence and the proper inference to be drawn from the testimony. The defendant company contends that the present condition of the claimant is due entirely to the natural developments of arthritis and that there was not any untoward event, mishap or unusual exertion which contributed to the result. The claimant, on the other hand, while conceding that he was more susceptible to injury, asserts that he is disabled by reason of an unusual exertion and actual violence to the physical structure of his body. The

claimant was carrying a heavy load while in a stooping position and moving backward, when he was suddenly taken with a severe pain in the region of the lower part of the spine and has since been disabled. There is competent testimony that there was an injury to the physical structure of the body. The referee found as a fact that there was unusual pressure on the spinal nerves which traumatized the nerves and set up an inflammation that resulted in a deposit in the spine that has brought on the disability which has persisted ever since. There being competent evidence to support this conclusion, we are bound by such finding even though, on a review of the evidence, we might come to a different conclusion.

The judgment of the lower court is affirmed.