Witt *v.* Witt's Food Market (et al., Appellant).

558

Submitted April 13, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Frank R. Coder,* for appellant.

*John A. Berkey,* for appellee.

OPINION BY RHODES, J., July 10, 1936:

This is a workmen's compensation case. The referee, board, and court below all decided that the claimant was entitled to compensation. The defendant insurance carrier appealed from the judgment entered on the award.

Appellant presents two questions for our consideration: (1) Is there legally competent evidence in the record to support the finding that claimant met with an "accident" within the meaning of the Workmen's Compensation Act? (2) Is there legally competent evidence in the record to support the finding that claimant's disability was the result of accidental injuries sustained in the course of his employment?

The evidence produced by the claimant was not contradicted, and shows the following facts. Claimant, 28 years of age, had been employed as a meat cutter and clerk in his father's market for over a year previous to July 3, 1933. His duties included handling quarters of beef, etc., and carrying them from the cooler to the chopping block. On the afternoon of July 3d, he found a quarter of beef on the floor in the cooler. It weighed about 125 pounds. He stooped over, picked it up and placed it on a hook about 4 feet from the floor. As he lifted the quarter of beef, he felt a pain in his shoulder and back and became sick at his stomach. Immediately thereafter he went to the basement, sat down on a box, vomited, and felt as though his stomach was filled with gas. After stopping at a drug store for some medicine, he went home.

Claimant has been unable to work, except intermittently at very light work, since that time. He was well and healthy before the accident, and had experienced no trouble with his heart. Since the accident he has been short of breath and suffers from palpitation. He was in the hospital from November 19th to December 9th. Dr. C. C. Barchfield, who examined the claimant about two months after the injury, testified: "Q. What did you find? A. Had an auricular fibrillation and hypertrophied heart. Mitral insufficiency, decompensation of the heart. He also had rales posteriorly at the basis of both lungs. He had some edema of the feet and short of breath." He also said claimant was

unable to do any kind of work, due to his heart condition. Dr. W. W. Westfall, who examined the claimant on April 4, 1934, found the same heart condition, and said claimant could not work. Neither doctor had seen the claimant before the accident, and expressed no definite opinion of causation. They merely stated that the condition of claimant's heart could have come from lifting and straining, and that, if he had such a condition prior to July 3, 1933, the strain from lifting the quarter of beef might have aggravated the condition and caused claimant's disability. The medical testimony, standing alone, did not meet the required standard to show causal connection between the accident and the disability from which claimant was suffering. See Davis v. Davis, Director General, 80 Pa. Superior Ct. 343; Vorbnoff v. Mesta Machine Co. et al., 286 Pa. 199, 133 A. 256.

The referee found (seventh finding of fact): "Seventh: The Claimant is a young man 28 years of age, single, had worked in the store of his father, the Defendant, for a period of approximately two years prior to July of 1933 at his regular occupation as a clerk and meat cutter and had never complained of any disability up until the time that he lifted the quarter of beef and had never manifested any symptoms of a cardiac condition. We also find as a fact that although the Claimant had been required to carry quarters of beef in the regular course of his employment, he had never lifted a quarter of beef before from the floor, as he did on the afternoon of July 3, 1933. Although the testimony does not show just what difficulty the Claimant had in lifting the quarter of beef from the floor of the cooler to the hook, it could be readily inferred that such a lift would be a difficult task and the Claimant would be put to considerable strain and effort. We are of the opinion, as the circumstances in this case clearly show as a fact, that the Claimant had appeared

to be a well man up until the time of his collapse immediately following the lifting of the quarter of beef; that this is such a case where the findings of fact would not depend entirely upon the medical testimony; and considering all the evidence in this case we find as a fact that the lifting of the quarter of beef was an injury by accident and that the accident and injury, the lifting of the quarter of beef from the floor of the cooler, caused such strain on the heart of the Claimant that it either aggravated a pre-existing heart condition or was the direct cause of setting up the heart condition and the disability of the Claimant."

The argument is urged by appellant that the lifting which claimant did at the time of the alleged accident was of the kind he was accustomed to do as a part of his regular work, and that such lifting did not constitute an accident. It is not the lifting that constitutes the accident, but the strain or sprain resulting therefrom and causing "violence to the physical structure of the body." In Falls v. Tennessee Furniture Co. et al., 122 Pa. Superior Ct. 550, 186 A. 272, we have stated: "An accident, under the Act of June 2, 1915, P. L. 736, and its amendments (77 PS §1 et seq.), is recognized as some unexpected or fortuitous event or happening. Lacey v. Washburn & Williams Co., 309 Pa. 574, 164 A. 724; Hamilton v. Pennsylvania R. Co., 298 Pa. 22, 147 A. 837. An injury by accident may occur in the course of the normal duties of an employee and without overexertion, when a strain, sprain, or twist causes a break or sudden change in the physical structure or tissues of the body; and the fact that the employee had an inherent defect or a chronic condition, which rendered him more susceptible to such injury than an ordinary person would have been, will not defeat the right to compensation."

In Melini v. Saltsburg Coal Mining Co. et al., 119 Pa. Superior Ct. 356, 181 A. 330, plaintiff, while load-

ing a lump of coal into a mine car, suffered a sprain in his back. We held that the sprain constituted an accident. In Cowell v. F. W. Woolworth Co., 119 Pa. Superior Ct. 185, 180 A. 752, plaintiff in lifting and pulling a basket, in the course of her usual work, produced an involvement of the left ulnar nerve in her arm. This was held to be an accident. In Skroki v. Crucible Steel Co., 292 Pa. 550, 141 A. 480, death from acute dilatation of the heart caused by overexertion in a hot room was held to be accidental. In Watkins v. Pittsburgh Coal Co., 278 Pa. 463, 123 A. 461, the death of a workman from acute dilatation of the heart, superinduced by exertion in climbing eighty feet up a stairway, in the course of his regular work, was held accidental. In Tracey v. Philadelphia & Reading Coal & Iron Co., 270 Pa. 65, 112 A. 740, it was held that death resulting from a strain upon the heart caused by overlifting was an accident. In Hamilton v. Pennsylvania R. Co., supra, 298 Pa. 22, 147 A. 837, it was held that an injury resulting from a sprain produced by a twisting of the body while lifting a heavy weight was an injury by accident. In Calderwood v. Consolidated Lumber & Supply Co., 91 Pa. Superior Ct. 189, the deceased suffered a dilatation of the heart from a strain while turning a windlass. The death was accidental. In Wolford v. Geisel Moving & Storage Co., 262 Pa. 454, 105 A. 831, the accidental injury, for which compensation was allowed, resulted from a strain in moving a heavy piano. In Murray v. Brown, 107 Pa. Superior Ct. 516, 164 A. 138, an injury resulted to the appendicial region from strain in lifting a heavy bag of flour. The injury was held to be accidental. In Smith v. Pittsburgh Coal Co., 71 Pa. Superior Ct. 325, the compensable disability resulted from a strain caused by lifting the end of a coal car. In Reffner v. Consolidation Coal Co., 121 Pa. Superior Ct. 11, 182 A. 762, we held that claimant suffered an accidental injury where there was

a sudden twist of his body, in the course of his employment, which aggravated a pre-existing condition of his back. In Rice v. Stevens Coal Co., 120 Pa. Superior Ct. 15, 181 A. 516, the claimant, a coal miner, while pushing a car under a chute, suffered a strain causing bleeding of the bowels or an aggravation of an existing condition. We there held, pages 16 and 17: "But if one, as here, sustains a sprain or a strain, causing an injury to the physical structure of the body, even though incurred when performing labor in the usual manner and without overexertion, it is an accident and is compensable."

Strain by lifting, as in the instant case, causing enlargement and decompensation of the heart, or aggravating a pre-existing heart condition, is an accident, and compensable if it caused claimant's disability. We are of the opinion that the evidence warrants the finding that claimant suffered an accident, and that the accident caused his existing disability. It appears that claimant was apparently healthy before the accident and able to perform his usual duties. He had experienced no cardiac trouble. Manifestations of an injury were immediately apparent after the claimant lifted the quarter of beef from the floor of the cooler. Pain in his back and shoulder ensued, and he became ill. Those who saw him immediately after the accident testified that he looked like a corpse and was vomiting and pale. He went to the drug store for some medicine, which he took, but which gave him no relief; he then went home. He testified that he was not able to work at his usual employment after the lifting. He was short of breath upon any exertion, and had palpitation of the heart. Dr. Barchfield, who examined him within two months after the accident, testified that he was suffering from enlargement and decompensation of the heart, and unable to do any kind of work. This condition continued.

Claimant's disability was immediate, apparent, and continuous from the time of the accident. It is not material whether the accident caused the enlargement or decompensation of the heart directly, or whether it aggravated a pre-existing condition.

Although neither of the physicians knew claimant's physical condition before the date of the accident and expressed no professional opinion as to causation, this was unnecessary, in order to sustain the finding that claimant's disability resulted from the accidental injury, as the disability was so immediately, directly, and apparently the result of the accident that proof of causal connection did not depend solely upon the medical testimony in this case. See Kucinic v. United Engineering and Foundry Co., 110 Pa. Superior Ct. 261, 168 A. 344. The medical testimony shows the physical cause of his disability to be enlargement and decompensation of the heart, and that claimant, as a result thereof, is unable to work. The medical testimony, together with the other testimony, especially that of the claimant, if believed by the compensation authorities, would justify the award.

Judgment of the court below is affirmed.