Opinion by
 

 Parker, J.,
 

 The question raised by this appeal is whether the claimant was disabled as the result of an accident as that term is used in the Workmen’s Compensation Law. The referee and board found that he was and the court below entered a judgment for the claimant on the award of the board for total disability for nine weeks and six days and for partial disability for the balance of the statutory period. We are all of the opinion that the question raised was one of fact for the board and that there was sufficient evidence to support the finding. Such being the case, we cannot disturb the judgment.
 

 Charles Vitanza, a man 49 years of age, was employed by the Iron City Produce Company of Pittsburgh for eight years as a general laborer, his principal work being to handle produce and merchandise and exhibit the same to customers. On January 21, 1936, Vitanza was about to show to a customer some iceberg lettuce which was packed in crates each weighing between 75 and 80 pounds. The crates were stacked in tiers three crates high. The claimant lifted one of the crates from the top tier, at a height of about five feet, swung it to the right, and set it on the floor. When he raised his body he felt a sharp pain in his right side. As the pain continued he reported to the office of the company and was sent that same day to Dr. Santora. Following this he was totally disabled for a few weeks and thereafter had a partial disability which has continued and which has been fixed at fifty per cent by the referee and board.
 

 The claimant had previously had a hernia for which two operations had been performed and the operations
 
 *443
 
 were successful. He had been advised to procure and wear a truss or support. He did not obtain such a support from a doctor or person skilled in making such articles but procured and wore a crude homemade contrivance. On the day of the alleged accident he was not wearing any support.
 

 Dr. Santora, on the day of the alleged accident, examined the claimant and found no evidence of a hernia. There was “marked pain and pressure over the inguinal region, and the external ring was markedly relaxed and there was evidence of loss of tone in the musculature in this region.” That physician diagnosed the trouble as a sprain of the right inguinal region and advised the patient to rest for at least a month. This physician, while on direct examination, was asked whether the admitted disability was a result of the alleged accident and replied that it was a hard question to answer but that it was possible “that this may have produced a strain in this region.” He then made the further statement: “I would have to accept the history of this accident as a factor in the production of this pain, although I would have to keep in mind the condition of this man’s musculature, a condition which is conducive of producing similar pain even without weight lifting.”
 

 Dr. W. E. McConnell, another expert called by defendant, testified: “I think, unquestionably, the man was apparently incapacitated at the time of the accident for a certain period, but I don’t believe that at the time I saw him his disability was due to trauma. The disability on that occasion was due to weak musculature.”
 

 Dr. Sarraf, a physician called as an impartial expert by the referee, characterized the suggestion that the condition of the claimant was due to musculature weakness as absurd. He stated that in his opinion the condition of the ring was independent of abdominal musculature, that the claimant’s condition showed a definite
 
 *444
 
 history of trauma, and that the claimant’s disability came from the alleged accident.
 

 It is apparent that there was sufficient evidence to warrant a finding of fact by referee and board that the disability which the claimant now suffers was attributable to something that occurred when he lifted the crate of lettuce. While the claimant prior to the accident had a musculature weakness, he had been able to perform the same kind of labor for many years. The defendant’s experts admitted that the alleged accident may have been a factor in the present condition of claimant and the impartial expert attributed that condition directly to the accident. The sequence of events corroborated the expert testimony given by the impartial physician giving additional support to the finding. (Cf.
 
 Benci v. Vesta Coal Co.,
 
 131 Pa. Superior Ct. 435, 200 A. 308.
 

 There is left for consideration the prime question whether the occurrence constituted an
 
 accident.
 
 It must be conceded that at the time of the alleged accident the claimant was performing the same kind of labor that he had been doing for eight years and that claimant was not at the time making any extra or unusual effort. The appellant argues from that premise that there was no accident. “If death comes, during the course of employment, in an ordinary way, natural to the progress of a disease with which one is afflicted, and with which he was smitten before the accident, there can be no recovery; but, if the demise is brought about by an injury due to some mishap, or accident, happening during the course of his employment, the fact that deceased had a chronic ailment which rendered him more susceptible to such injury than an ordinary person would be, will not defeat the right to compensation”:
 
 Clark v. Lehigh Valley C. Co.,
 
 264 Pa. 529, 533, 107 A. 858.
 

 “Where an employee while in the course of his em
 
 *445
 
 ployment, is performing hard labor, but of the same kind and in the same manner as he had been doing it for several years, and while so engaged is stricken with apoplexy and dies suddenly from a cerebral hemorrhage, the performance of such hard labor is not of itself overexertion as that word is used in our cases, and is not an accident as that term is used in the Workmen’s Compensation Law”:
 
 McFadden v. Lehigh Nav. Coal Co.,
 
 111 Pa. Superior Ct. 501, 508, 170 A. 314. However, an accident may occur to an employee when he is performing his usual work. When such happenings are external they may be readily identified as accidents. In the same manner, an accident or unusual happening may occur within the body. “An injury by accident may occur in the course of the normal duties of an employee and without overexertion, when a strain, sprain, or twist causes a break or sudden change in the physical structure or tissues of the body; and the fact that the employee had an inherent defect or a chronic condition, which rendered him more susceptible to such injury than an ordinary person would have been, will not defeat the right to compensation”:
 
 Falls v. Tenn. Furn. Co.,
 
 122 Pa. Superior Ct. 550, 556, 186 A. 272.
 

 The foregoing case and the case of
 
 Cowell v. F. W. Woolworth Co.,
 
 119 Pa. Superior Ct. 185, 180 A. 752, are controlling in the present controversy. In the latter case a heavy basket was being partly lifted and partly pulled when an employee felt a sharp sensation in her arm as if it had been shocked by electricity. The employee was immediately disabled and there was expert testimony to the effect that it was common for the ulnar nerve to be injured by traction. A judgment for compensation was upheld. Also, see Betts
 
 v. Amer. Stores Co.,
 
 105 Pa. Superior Ct. 452, 161 A. 589;
 
 Keck v. John Mullen Const. Co.,
 
 113 Pa. Superior Ct. 564, 173 A. 863;
 
 Witt v. Witt’s Food Market,
 
 122 Pa. Superior Ct. 557, 186 A. 275. In short, in this line of cases the
 
 *446
 
 evidence was not limited to the fact that the employee was performing his accustomed labor and the performing of the usual labor is not the accident to which the injury is attributed. The unusual twist, strain, or sprain was an unusual happening. If while carrying a crate the claimant had turned his ankle, fallen, and broken his arm, the turning of the ankle would have been the unusual event that we denominate an accident. Just so, in the present case the claimant twisted, strained, or disarranged muscle, tendon, or tissue in such a manner that it caused an internal injury; at least, the board so found as a fact. The only difference in the two situations is that the accident in one case was external and in the other was internal. While we have in some cases referred to the injury to the body as an accident, it is more accurate to say that from the character of the injury taken with the circumstances we may infer an accident. This is just what the fact finding body did.
 

 Judgment affirmed.