Fetrow *v.* Oliver Farm Equipment Sales Co. et al., Appellants.

Argued April 25, 1938.

40

Before Keller,
P. J., Cunningham, Baldrige, Stadtfeld, Parker and
Rhodes, JJ.

*Frank R. Ambler,* with him *Metzger & Wickersham,*
for appellants.

*Maurice Yoffee,* with him *Caldwell, Fox & Stoner,*
for appellee.

Opinion by Rhodes, J., June 29, 1938:

This is a workmen's compensation case in which the
question involved on this appeal is whether there is
evidence to support a finding of the Workmen's Com-
pensation Board that the husband of claimant died as
the result of an injury by accident. Claimant filed a
petition for compensation in which she averred that
deceased, while unloading farm machinery for defend-
ant, suffered an accidental injury which resulted in
his death. Defendant filed an answer in which it denied
that deceased sustained an accident in the course of
his employment, which resulted in his death. The
referee, after hearing, concluded that deceased did not
die as the result of any injury by accident, while in

the course of his employment with defendant, and that claimant was not entitled to compensation. The board reversed the referee and made an award. The court of common pleas affirmed the board, and judgment was entered on the award.

Defendant and its insurance carrier have appealed to this court.

We think this case is ruled by the principles enunciated in *Gausman v. R. T. Pearson Co.*, 284 Pa. 348, 131 A. 247; *Mooney v. Yeagle et al.*, 107 Pa. Superior Ct. 409, 164 A. 82; *Waleski v. Susquehanna Collieries Co.*, 108 Pa. Superior Ct. 342, 164 A. 355; *O'Neill v. Lehigh Coal & Navigation Co.*, 108 Pa. Superior Ct. 425, 165 A. 60; *Pelusi v. Mandes et al.*, 109 Pa. Superior Ct. 439, 167 A. 456; *McFadden v. Lehigh Navigation Coal Co.*, 111 Pa. Superior Ct. 501, 170 A. 314; *Rocco v. Ellsworth Collieries Co.*, 111 Pa. Superior Ct. 508, 170 A. 316; *Swiderski v. Glen Alden Coal Co.*, 114 Pa. Superior Ct. 21, 173 A. 865; *Whitecavage v. Philadelphia & Reading Coal & Iron Co.*, 116 Pa. Superior Ct. 540 176 A. 757; *Amentlar v. New Upper Lehigh Coal Co.*, 131 Pa. Superior Ct. 97, 198 A. 678; *Sachs v. Mitchell et al.*, 131 Pa. Superior Ct. 138, 199 A. 229.

Deceased had been in the employ of defendant for about five years. The usual and regular occupation of deceased was loading, unloading, and setting up farm machinery. He had been doing this type of work during his entire period of employment with defendant. On September 26, 1935, he left Harrisburg, in company with another employee of defendant, to go to York, Pa., where a carload of machinery was to be unloaded in the York Fairgrounds. About 8 o'clock that morning the car was placed, and deceased and the other employee started to unload the machinery. They first removed the machinery that was set up, and which was loaded near the door of the car. This machinery was not lifted, and most of it was rolled on wheels. Near

9 o'clock they were engaged in unloading a hammer mill, which weighed about 4 or 5 hundred pounds. It was on skids, and was moved by using the feeder on the end of the hammer mill as a pry, and in that manner it was "walked" toward the car door. After having moved it about 4 feet, deceased doubled over in pain and grabbed his chest. He went outside the car for a few minutes, and upon his return tried to work, but was unable to do anything. About 15 minutes after the attack, he was taken to a hospital, where he was examined by Dr. H. P. Belknap. At that time deceased was extremely ill and was crying out with pain in his chest, which radiated down his left arm. He was extremely short of breath, and his skin was covered with a cold, clammy perspiration. A diagnosis was made of acute coronary thrombosis. Despite treatment he died about 11 A.M. that day. There was no post-mortem examination.

Dr. Belknap testified that "strain, if present, could have been a contributing factor in the cause of his death"; that strain incident to heavy lifting might cause an attack of acute coronary thrombosis. He also testified that, in his professional opinion, a strain was a contributing factor in deceased's death, "assuming that he did strain himself at this work that day."

The referee made, inter alia, the following finding, which was affirmed by the board: "Fifth: That the usual and regular occupation of the deceased was loading, unloading and setting up farm machinery and he had been doing this type of work during his entire period of employment with the defendant company. The work in which he was engaged on the day of the attack was not any heavier or more strenuous than work which he had been regularly accustomed to performing, and he was not engaged in any heavy lifting or unusual exertion at the time of the attack."

The board in its opinion said: "True, the decedent

was not engaged in unusual or unaccustomed work. He did not slip, fall, or suffer undue strain or exertion; nevertheless, we are of the opinion that the strain and exertion he was subjected to on the morning of September 26, 1935, while pushing and pulling on the heavy machinery, was the thing that caused his attack and that the attack was not caused by repeated pushing and pulling in the course of his daily employment." The board, after stating that the referee's findings of fact were fully warranted by the evidence, made the additional finding: "10. On September 26, 1935, and for some time prior thereto, George Fetrow had a chronic ailment, a disease of his coronary vessels. This underlying disease made him more susceptible to injury; however, he went about his daily tasks, and in pulling and pushing heavy objects he at no time suffered from any pain or distress until the morning of September 26, 1935, when he and his buddy were pushing and pulling and he suffered excruciating pain in his chest in the region of his coronary vessels. We find that this pushing and pulling the decedent did on the morning of September 26, 1935, caused such violence to and so aggravated his diseased coronary vessels as to cause an acute coronary thrombosis, immediate total incapacity, and his death."

The only testimony as to the occurrence was that of deceased's fellow employee, who testified: "Q. And how were you moving this hammer mill? A. We were walking it. It is a long thing, you know, with a feeder on the end. The feeder stuck out and that give us a pry on it and we worked it backward and forward in the car to walk it out. Q. Did you have to exert any effort to push this or pull this? A. I wouldn't say any more than any of the other machinery, just the way we had to handle it that was all. Q. But it weighed five hundred pounds? A. Four to five hundred, yes. I wouldn't say the exact weight because I don't know.

Q. Might have weighed more than five hundred pounds? A. No, it wouldn't have weighed over five. Q. And how far had you pushed and pulled this machine before Mr. Fetrow had this attack? A. I would say around four foot. Q. And then what occurred? A. Well, he just all at once just doubled over and grabbed his chest. Q. Who? A. Mr. Fetrow. Q. While he was in the act of pushing and pulling this machine? A. Yes. Q. Then what did he do? A. Well, he grabbed his chest and went out of the car and walked around awhile. Q. Did he go back to work that day? A. No sir. He tried to but he couldn't work."

On this occasion deceased was not doing any different kind of work or labor than he had been doing for several years. The referee and board found that there was no evidence of overexertion; that deceased was not engaged in unusual or unaccustomed work; and that he was not doing any heavy lifting at the time of his collapse. Pushing or pulling, which deceased may have been doing on the morning of September 26, 1935, would not in itself constitute an accident. The performing of such labor by deceased was not an unusual event. It is not the external circumstance of pushing, pulling, or lifting that constitues an accident; but a strain, sprain, or twist resulting therefrom and causing violence to the physical structure of the body may be an unusual happening, a mishap, or an accident. See *Amentlar v. New Upper Lehigh Coal Co.,* supra; *Vitanza v. Iron City Produce Co.,* 131 Pa. Superior Ct. 441, 200 A. 311. We have held that a sprain by lifting, causing enlargement and decompensation of the heart, or aggravating a pre-existing heart condition, is an accident *(Witt v. Witt's Food Market et al.,* 122 Pa. Superior Ct. 557, 186 A. 275), and that "an injury by accident may occur in the course of the normal duties of an employee and without overexertion, when a strain,

sprain, or twist causes a break or sudden change in the physical structure or tissues of the body; and the fact that the employee had an inherent defect or a chronic condition, which rendered him more susceptible to such injury than an ordinary person would have been, will not defeat the right to compensation": *Falls v. Tennessee Furniture Co. et al.*, 122 Pa. Superior Ct. 550, at page 556, 186 A. 272, at page 274. In the instant case there is no evidence whatsoever that deceased suffered any such injury by accident. The board specifically states that the pushing and pulling, which it found that deceased was doing at the time, was not unusual exertion for the deceased, and that he did not slip, fall, or suffer a strain. We are unable to reconcile the board's ultimate conclusion, that the death of deceased occurred as a result of an injury by accident sustained while in the regular course of employment with defendant, with the findings of fact. Claimant's evidence was not controverted, but it does not support such conclusion. A case which is quite similar to the instant case is that of *Amentlar v. New Upper Lehigh Coal Co.*, supra. In that case deceased, a coal miner, suffering from arteriosclerosis, died from a hemorrhage of the brain in the left cortical area, five days after dragging or pulling a pole, weighing about 115 pounds, on the ground for 300 feet, while engaged, as he had been for three weeks, in the construction of a loading platform for use in his regular mining work. Deceased was not performing unusual work or a different kind of work than he performed regularly, nor was he doing it in an unusual manner. We held that there was no evidence of an accident. Of a different type is the case of *Rice v. Stevens Coal Co.*, 120 Pa. Superior Ct. 15, 181 A. 516, where the employee sustained a sprain or strain while pushing a coal car under a chute, which resulted in the aggravation of an existing condition. It was there held that the injury, even though incurred while performing

labor in the usual manner and without overexertion, was accidental. Likewise, in *Witt v. Witt's Food Market et al.*, supra, we sustained a finding of accidental injury. In the Witt case the employee injured his heart while lifting a quarter of beef and placing it on a hook four feet above the floor. Although he had been required to carry quarters of beef in the regular course of his employment, he had never before lifted a quarter of beef from the floor as he did on this occasion. It was there held that it was not the lifting that constituted the accident, but the strain or sprain resulting therefrom and causing violence to the physical structure of the body. Counsel for claimant refers to *Yankunos v. Hinds Catering Co. et al.*, 130 Pa. Superior Ct. 187, 196 A. 520, and cites it as controlling the instant case. In that case deceased lifted a 40-quart can of milk weighing 100 pounds. The board found that this caused a strain of the muscles of the shoulder, back, arms, and chest, and an acute coronary occlusion. This court held that the board's finding was warranted on the evidence of deceased's prior condition of health, the lifting of the can of milk, the strain, the appearance of illness which followed soon thereafter, the actual illness which subsequently manifested itself, and the expert medical testimony which definitely connected the lifting with the coronary occlusion. In addition, from defendant's own testimony, a strain from the lifting of the can of milk could have been found by the board. It is obvious that this case is not in that line of cases which is controlling in the instant case. *Betts v. American Stores Co. et al.*, 105 Pa. Superior Ct. 452, 161 A. 589, *Keck v. John Mullen Construction Co. et al.*, 113 Pa. Superior Ct. 564, 173 A. 863, *Falls v. Tennessee Furniture Co. et al.*, supra, *Barr v. Atlantic Elevator Co. et al.*, 124 Pa. Superior Ct. 57, 187 A. 815, *Foster v. State College Borough et al.*, 124 Pa. Superior Ct. 492, 189 A. 786, *Strode v. Donahoe's Fifth Avenue Store*

*et al.,* 127 Pa. Superior Ct. 231, 193 A. 86, also cited and relied upon by claimant, are distinguishable on their facts from the instant case, and are not applicable.

In the absence of direct or circumstantial evidence of an accident, the medical testimony adds nothing to the claimant's case. *O'Neill v. Lehigh Coal & Navigation Co.,* supra; *Rocco v. Ellsworth Collieries Co.,* supra.

Dr. Belknap testified that deceased died of coronary thrombosis, and that, in his opinion, deceased had a diseased condition of the coronary arteries from which the coronary thrombosis resulted. Dr. Belknap's testimony was not in itself sufficient to support an award. He testified that, if deceased had suffered a strain, he believed it could have been a contributing factor in the cause of his death. But there was no evidence of a strain suffered by deceased. There was also no evidence that deceased was doing heavy lifting and as a result thereof strained himself. The assumptions upon which the doctor's professional opinion was based were not established by any evidence. There was absolutely no support for the assumption "that [deceased] did strain himself at this work that day." See *Roberts v. Pitt Publishing Co.,* 330 Pa. 44, 198 A. 668.

There is no support in the record for claimant's claim that her deceased husband suffered an accidental injury which resulted in his death. On the contrary, at the time he suffered the attack of coronary thrombosis deceased was performing his usual work in the regular manner. His disability did not occur while he was performing any unusual work, or while doing his usual work in an unusual manner. According to claimant's witness, Dr. Belknap, deceased was suffering from a disease of the coronary vessels, to wit, coronary arteriosclerosis. He testified that a sufferer from such an affliction is subject to an attack of coronary thrombosis at any time or place, although more often subject to it during exertion. There was no evidence of any

unusual exertion by deceased at the time of the attack, and the performance of his regular and usual labor with the exertion incident thereto would not constitute an unexpected or fortuitous, untoward or unusual event. *Mager v. State Workmen's Insurance Fund et al.*, 127 Pa. Superior Ct. 438, 193 A. 155; *Burrell v. State Workmen's Insurance Fund et al.*, 127 Pa. Superior Ct. 510, 193 A. 439. "There was no evidence from which an accident might be inferred and no external and unusual happening. The claim cannot be sustained for the primary reason that there was no evidence of an accident and the burden of proof was on claimant": *Amentlar v. New Upper Lehigh Coal Co.*, supra, 131 Pa. Superior Ct. 97, at page 103, 198 A. 678, at page 681.

Judgment of the court below is reversed, and it is directed that judgment be entered for defendant.