Palermo *v.* North East Preserving Works, Inc.
(et al., Appellant).

Argued April 8, 1940.

Before KEL-
LER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
RHODES and HIRT, JJ.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellant.

*Joseph V. Agresti,* for appellee, submitted a brief.

OPINION BY RHODES, J., July 19, 1940:

In this workmen's compensation case the referee awarded compensation for total disability as the result of a hernia for a period of 14 5/7 weeks. The award was sustained by the Workmen's Compensation Board and by the court below, and judgment was entered for claimant. The employer's insurance carrier has appealed.

At the time appellee sustained his injury on January 18, 1938, there were no statutory requirements relating specifically to the essential proofs in hernia cases. The provisions of paragraph (g) of section 306 of the Workmen's Compensation Act of 1915, added by the amendment of April 13, 1927, P. L. 186, §1, were omitted from the amendment of June 4, 1937, P. L. 1552, §1, which became effective January 1, 1938. The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, §1, added paragraph (h) to section 306 of the Workmen's Compensation Act of 1915, 77 PS §515, and thereby again made the proof of hernia a matter of statutory regulation.

The amendment of 1927, supra, was obviously designed to facilitate decision of these cases, which in-

volved almost invariably the question as to whether the hernia was the result of physical weakness, or came from "violence to the physical structure of the body." The provisions of the hernia amendment of 1927, supra, and even more so those of the 1939 amendment followed the theory presented and reported in *Bukeavich v. Glen Alden Coal Co.*, 10 W. C. B. 91, 11 Dept. Rep. 354. The evidence there indicated that a true traumatic hernia must be accompanied by the following conditions: (1) The descent of the hernia must immediately follow the cause; (2) there should be a severe pain in the hernial region; (3) there should be of such prostration that the employee is compelled to cease work immediately; (4) these symptoms must be such severity as to be noticed within twenty-four hours of the accident; and (5) there would be such physical disturbance as to require attention of a physican within twenty-four hours.

Previous to the 1927 amendment the Workmen's Compensation Board had held in many cases that hernias for which compensation was sought had not been shown to be the result of traumatism, strain or effort, when there was no evidence of severe pain at the time, and complaints to fellow workmen or employers; when the employee continued to work; when there was no evidence of shock or nausea; when medical treatment was not sought after or attained until several days thereafter; and when the claimant failed to prove the symptoms and conditions which naturally would follow a traumatic hernia.[1]

The evidence in the case at bar complied substantially with all of these rules, and justified the referee's finding that appellee's hernia resulted from violence to the physical structure of his body. It showed that on the day in question at 3 p. m. appellee was engaged in

---

[1] See discussion and cases cited, Pennsylvania Workmen's Compensation Law, Skinner, 3d Edition, p. 301 et seq.

lifting a case of tomato juice, weighing 45 to 50 pounds, when he felt a sharp pain in his right side. He tried to continue working but could not do so because of the pain. He stayed at the plant until quitting time, just "putting [his] time in." At the time of the occurrence appellee complained of a pain in his right side to a fellow employee. His foreman testified that appellee came to him "around 3:30 and said he just felt he couldn't do any more, that he complained of a pain in his right side. I immediately, instead of having him sit around and wait for us to take him home, I gave him a job of just guiding the cases down a conveyor into the car, which didn't take any exertion but it was something that had to be done." After arriving home that evening, appellee noticed a lump in his side. Between 7 and 7:30 p. m. he visited his physician who could not take care of him at that time because of an emergency call, and he returned at 9 a. m. the next day. The doctor told him he had a hernia. The same day appellee went to the office of the insurance carrier as instructed by his physician. He was operated on February 9, 1938, for repair to an incomplete indirect right inguinal hernia.

Appellant argues that there is no evidence of an accident. Appellee testified that in lifting the case he assumed "sort of a twisted position." His foreman corroborated this when he said that "this table that the canned goods were put on is probably 3 or 4 feet away from where he [appellee] was working. Q. In other words, he would have to lift up one foot and over three feet? A. Yes."

In *Camilli v. Pennsylvania Railroad Co.*, 135 Pa. Superior Ct. 510, 7 A. 2d 129, claimant suffered a hernia after he had thrown a piece of ice, weighing 25 to 30 pounds, to a height three feet above his head. In holding that an accident had been shown, Judge HIRT, speaking for this court, said (p. 513) : "Where the in-

jury is wholly within the body, proof of the accidental cause often must rest upon circumstances attending it: *Betts v. American Stores Co.,* 105 Pa. Superior Ct. 452, 161 A. 589; *Roland v. Frantz,* 134 Pa. Superior Ct. 24, 3 A. 2d 279. Particularly is this true of a hernia, an injury which often results from lifting a weight not in itself excessive, but done in such a manner as to produce undue strain. The posture of the individual while lifting, and not the weight, may determine the result. An injury so caused may be regarded as an unexpected or fortuitous event or happening. 'It is not the lifting that constitutes the accident, but the strain or sprain resulting therefrom. ...... An injury by accident may occur in the course of the normal duties of an employee and without overexertion, when a strain, sprain, or twist causes a break or sudden change in the physical structure or tissues of the body': *Witt v. Witt's Food Mkt.,* 122 Pa. Superior Ct. 557, 186 A. 275.''

In *Vitanza v. Iron City Produce Co. et al.,* 131 Pa. Superior Ct. 441, 200 A. 311 (allocatur refused), claimant lifted a crate of lettuce, weighing 75 to 80 pounds, from a height of five feet, and, swinging it to the right, set it on the floor. When he raised his body he felt a sharp pain in his right side, which was later diagnosed as a sprain of the right inguinal region. In the opinion of this court, written by Judge PARKER, it was conceded that at the time of the alleged accident the claimant was performing the same kind of labor that he had been doing for eight years, and that he was not at the time making any extra or unusual effort. At the conclusion of the opinion it was said (p. 446) : "The unusual twist, strain, or sprain was an unusual happening. If while carrying a crate the claimant had turned his ankle, fallen, and broken his arm, the turning of the ankle would have been the unusual event that we denominate an accident. Just so, in the present case the claimant twisted, strained, or disarranged muscle, tendon, or tissue

in such a manner that it caused an internal injury; at least, the board so found as a fact. The only difference in the two situations is that the accident in one case was external and in the other was internal. While we have in some cases referred to the injury to the body as an accident, it is more accurate to say that from the character of the injury taken with the circumstances we may infer an accident. This is just what the fact finding body did."

The evidence in the present case justifies the finding that the injury was the result of an accident. Our conclusion in this respect does not contravene the rule expressed in *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 410, 3 A. 2d 377, 381, that "an accident cannot be inferred merely from an injury." As was also said in that case (p. 410): "There must be some evidence of an accident, either direct or circumstantial, in the latter instance clearly and logically indicating it." In addition to the injury itself, which appellee sustained, there were circumstances, previously described, which "clearly and logically" indicated that an accident had occurred. Appellant stresses the fact that appellee had lifted between seven and eight hundred similar cases on the day of the accident without ill effect. But this would seem to strengthen the contention that something unusual occurred when appellee lifted the case in question, for the result which followed at that time had not occurred when any of the many other cases were lifted. "That which distinguishes an accident from other events is the element of being unforeseen; an accident is an occurrence which proceeds from an unknown cause, or which is an unusual effect of a known cause, and hence unexpected and unforeseen": *Lacey v. Washburn & Williams Co.*, 309 Pa. 574, at page 578, 164 A. 724, at page 725.

In their argument and citation of authorities, counsel for appellant have failed to observe the distinction drawn

by Judge CUNNINGHAM, speaking for this court, in *Fye v. Baltimore & Ohio Railroad Co.,* 133 Pa. Superior Ct. 550, 3 A. 2d 275 (allocatur refused), where the employee's death was due to strangulation and perforation of the bowel. In affirming judgment for claimant, it was said (p. 557) : "But [this] is a case where an employee, performing hard work of the same kind and in the same manner he had been doing it for years, sustained an unusual and not to be expected injury to internal organs of his body which were not affected by any pre-existing disease—an injury which was not the natural or probable result of what he was doing.

"In our opinion, this is the line of demarcation as to compensability in cases in which no external mishap is shown. Each case must be decided upon its own facts. Where disability or death has been merely hastened by the effect of even hard labor, performed in the usual way, upon an organ or organs impaired by a disease—other than an occupational one—the employer is not required to pay compensation ......

"On the other hand, if the disabling or fatal injury is to an organ in a normal and healthy condition, or if the organ, although not sound, has been affected by the injury in a way not attributable to the natural progress of a disease (*Keck v. John Mullen Const. Co. et al.,* 113 Pa. Superior Ct. 564, 173 A. 863; *Betts v. Amer. Stores Co.,* 105 Pa. Superior Ct. 452, 161 A. 589), the happening of an 'accident,' within the meaning of the statute, may be inferred from the surrounding circumstances: *Witt v. Witt's Food Market et al.,* 122 Pa. Superior Ct. 557, 186 A. 275, and cases there cited."

Appellant has also raised in this appeal two questions which do not seem to have been brought to the attention of the court below or the Workmen's Compensation Board, and which for that reason are not entitled to consideration by this court. See *McDermott v. Sun Indemnity Company of New York,* 131 Pa. Superior Ct.

60, 198 A. 499; *Nesbit v. Vandervort & Currey et al.,* 128 Pa. Superior Ct. 58, 193 A. 393. However, they may be dismissed on the merits.

One of these is that it was error to enter judgment for appellee in the absence of competent medical evidence establishing the relationship between the accident and the hernia. A similar contention was rejected in *Testa v. National Radiator Corp. et al.,* 141 Pa. Superior Ct. 206, 15 A. 2d 42, where it was said, at page 44: "The statute does not require medical testimony to establish the relationship between the alleged accident and the disability from which appellee suffers. Where, as here, there is such close connection between the accident and the injury as to satisfy a reasonable person as to the cause of the injury, the relation between the two is sufficiently shown. And this is so even though section 306 (g), supra, makes it necessary for appellee to furnish 'conclusive proof.' "

It is to be noted that in the case at bar the statutory requirement of "conclusive proof" did not apply; further that appellee had never suffered previously from a hernia in the right side, and the symptoms thereof became manifest immediately after lifting the case of tomato juice, as previously described.

The other question now raised for the first time is that there was no competent evidence to establish that appellee gave notice to his employer as required by sections 311, 312, 313 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended or reenacted by the Act of June 4, 1937, P. L. 1552, §1. The testimony of appellee's foreman has been quoted previously, and shows that the injury was reported to him shortly after it had occurred, and he testified further that during this conversation he told appellee that "he ought to see a doctor." The following day the insurance company was notified by appellee's physician, and appellee himself called at its office. That the matter was the sub-

ject of discussion between the insurance company and appellee thereafter is clear from the following question and answer: "Q. Why is it, if this accident happened on the 18th you were not operated on until February 7th? A. For the simple reason you fellows wouldn't agree with me and I had to make arrangements to go to the hospital." An analogous situation existed in *Uditsky v. Krakovitz*, 133 Pa. Superior Ct. 186, 2 A. 2d 525, where, after sustaining an injury, claimant went to his foreman and said (p. 188): "...... I feel sick, my head hurt me and my face and my hand. I have no strength in my hand"; following which the foreman assigned him to light work. It was there held that the claimant had complied with the requirements of the act relative to notice, and nothing can be added profitably to what was there said in the opinion written for this court by Judge STADTFELD.

All the assignments of error are overruled.

Judgment is affirmed.