## Orange v. Model Dry Cleaning & Laundry Co.

*John M. O'Connell*, for claimant.
*Paul M. Robinson*, for defendant.

LAIRD, J., March 17, 1943.—In this workmen's compensation case claimant was employed by defendant company as a truck driver when he sustained an injury which resulted in a hernia, for which compensation is claimed.

The injury is alleged to have been sustained on October 27, 1941, and claimant's story is that while he

was delivering goods to the residences of defendant's customers he parked the truck he was operating beside a little green lawn between the curb and the sidewalk, and when he came back to the truck it refused to start. After an examination he discovered that the starter was stuck or would not work, and he got out of the truck and endeavored to shake it loose. All of a sudden he slid and went down underneath and thought he tore himself apart; he crawled inside of the truck and lay down there for about 15 or 20 minutes; after lying down for a while, he had a vomiting spell. He then pulled around the corner, and after sitting there a while, he vomited again; and as his condition did not improve he went home.

The referee who heard the testimony awarded compensation, but on appeal to the board by defendant the referee was reversed and compensation was disallowed, the board being of the opinion that claimant did not establish a compensable hernia, for the reason that claimant did not notice any protrusion on the day of the accident, nor on the following day. The board further found that Dr. O'Connell, who treated claimant twice within a period of three days after the accident, did not notice any protrusion, or demonstrate a hernia.

The matter now comes before the court on claimant's appeal from the decision of the Workmen's Compensation Board disallowing an award.

The question involved depends upon the construction of section 306 ($h$) of The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520. In rendering their opinion the compensation authorities make no citations, but seem to turn their decision upon the finding that there was no testimony or evidence of any protrusion or immediate precipitation of the hernia after or at the time of the alleged accident.

The only authority cited by claimant is Herner v. Williamson & Co., 35 Luz. L. Reg. 51. But we are not aided much by the decision in that case, for the

reason that in it the manifestation of the hernia was noticed immediately by claimant, and Judge Farrell held that the word "immediately", as used in section 306(h) of the act, would not require hernia to be noticed instantly, and that claimant is only required to examine himself at the first reasonable opportunity.

An independent search has not rewarded us with the discovery of any appellate court decisions construing the amendment of 1939, supra, although we have discovered several lower court decisions in cases instituted under this section of the act which apply exclusively to hernia; yet these are not of much aid in interpreting the act or applying it to the instant case.

Although the matter is somewhat elucidated by Judge Rhodes, speaking for the Superior Court, in Palermo v. North East Preserving Works, Inc., et al., 141 Pa. Superior Ct. 211, that case arose before the passage of the Act of 1939, and while the remarks of Judge Rhodes are helpful they cannot be entirely depended upon in attempting to interpret the Act of 1939.

In Nolder v. Serafini Construction Co., Inc., et al., 44 D. & C. 1, claimant observed a lump on his right side in the region of the groin about two hours after the occurrence, and the Compensation Board awarded him compensation, which award was approved by the court in an opinion by Judge Harvey, in which he quotes from Palermo v. North East Preserving Works, Inc., supra, and in which he says (p. 6):

"The act is remedial, and it is the duty of the courts to construe it liberally, as respects claimant's right of compensation, having in mind the benevolent and humanitarian purposes of its enactment . . .

" '. . . undefined words used in the statute must be taken in their "popular sense", if such sense is "not contradictory to the object and intention of the lawmakers" ' ".

In this he seems to agree with Judge Farrell, supra.

However, the hernia in the case last mentioned was noticed within two hours from the time of the accident. And in Wilson v. Union Collieries Co., 45 D. & C. 118, Judge Dithrich, of Allegheny County, discusses the question at some length, but that case turned upon a question of fact and the credibility of different witnesses which questions, of course, were for the Compensation Board, and there was nothing for the court to do except affirm the award.

In Peluso v. American Chain & Cable Co., Inc., et al., 45 D. & C. 121, Judge Lamoree expressed the opinion that section 306($h$) of the Act of 1939, supra, applies to new hernias and not to recurrent hernias, and concluded that the facts in that case brought it under section 306($b$), so that the section of the act to which the instant case applies was not construed. The question raised and decided in the Peluso case has not been raised in the instant case, nor was it called to the attention of the compensation authorities; consequently we are not considering it.

Judge Ellenbogen, in Levitin v. Belmar Moving & Storage Company, 43 D. & C. 147, in construing section 306($h$) of the Act of 1939, supra, says (p. 150):

"This indicates the intent of the legislature to make recovery in hernia cases more difficult and to confine it to cases where the manifestations were of such severity that they were noticed at once. 'At once' is a stronger term than the word 'immediately', used in the Act of 1927. It means instantly. Further, the severity of the manifestations must be such that they may be said to 'necessitate' immediate cessation of work. In this connection, the milder expression 'immediate' is used as against the stronger expression 'at once', used in the preceding clause of the same section."

We are of the opinion that even stronger language is used in the amendment of 1939, supra.

In Scull v. Blosinski, 43 D. & C. 428, Judge Mac-Dade discusses the question at some length, and holds

(p. 438) "that the word 'immediate' requires a reasonable construction and does not mean instantaneous in point of time," but in that case the lump appeared and was noticed at once; and in the instant case the board held that the issue narrows down to the question of whether or not the descent of the hernia followed the cause without intervening time, and held that claimant did not establish a compensable hernia, pointing out in its opinion the fact that claimant did not notice the protrusion on the day of the accident nor on the following day, and that the first evidence of any protrusion was that of Dr. Snyder, who testified that claimant had a protrusion on October 31, 1941, four days after the accident.

It seems that claimant has had some previous trouble with hernia, but he is not attempting here to claim the recurrence of any hernia, there being no claim in this case on the basis of a recurrence; the appeal is confined to a determination of whether there is sufficient competent evidence to justify the board's finding of fact, and whether the law has been properly applied.

Given the requirements of the act that the hernia must at once be precipitated, and that the descent must follow the cause without intervening time, we are of opinion that the board was correct in finding that, according to all the evidence in this case, there was no protrusion, that is, no descent of the hernia was demonstrated until claimant consulted Dr. O. B. Snyder, four or five days after the accident, and that, therefore, the compensation authorities were correct in concluding that claimant had not brought himself within the terms of the Act of 1939, supra.

Where the decision of the Workmen's Compensation Board is against the party having the burden of proof, the question before the reviewing court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the com-

petent evidence, and unless the answer is in the negative the order must be affirmed: Walsh v. Penn Anthracite Mining Co., 147 Pa. Superior Ct. 328.

In Eckenroad v. Rochester & Pittsburgh Coal Co., 149 Pa. Superior Ct. 257, the court held that where the Workmen's Compensation Board found as a fact that claimant had failed to show that he suffered a compensable accident, such finding was conclusive and could not be disturbed on claimant's appeal, if based upon sufficient competent evidence, even though there was competent evidence, which, if believed, would have justified this finding.

Further discussion seems unnecessary. The principles are well established. The Workmen's Compensation Board is the sole judge of the facts, and in the instant case the medical and other evidence can under no circumstances be held to be incontrovertible proof of the immediate precipitation of a hernia, as evidenced by a demonstrable protrusion.

We are of opinion, therefore, that the facts are for the workmen's compensation authorities, and we are unable to say that the legally competent evidence in the case does not justify the findings of the board. The appeal should therefore be dismissed.

### Decree

And now, to wit, March 17, 1943, after argument of counsel, and upon due and careful consideration, it is ordered, adjudged, and decreed that the finding of the Workmen's Compensation Board be and the same hereby is approved, and the appeal dismissed, at the costs of appellant.