Harrah, Appellant, v. Montour Railroad Company.

Argued April 10, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*T. M. Gealey,* with him *Negley & Negley,* for appellant.

*R. A. Applegate,* with him *Rose & Eichenauer,* for appellee.

OPINION BY MR. JUSTICE DREW, April 30, 1936:

Plaintiff was a passenger in his own car, driven by a minor son, when it was struck by one of defendant's trains at a highway crossing. His suit in trespass to recover damages for loss and injuries sustained resulted in a verdict for defendant, and from the overruling of his motion for a new trial he has taken the present appeal. The errors assigned relate to the admission of evidence and to the charge of the court.

In defendant's case, one of the doctors at the hospital to which both plaintiff and his son were taken following the accident was permitted to testify, over plaintiff's objection that it was "hearsay evidence," that the son had told him both he and his father had been drinking. Plaintiff now argues that this was not a part of the res gestæ. The proposition may be conceded, but it does not follow that the admission of the evidence was improper. Previously, in plaintiff's own case, the son had denied that either he or his father had been using liquor. The statement to the doctor was clearly admissible, therefore, for the purposes of contradiction, although it was incompetent to establish the truth of the facts therein stated: *Scheer v. Melville,* 279 Pa. 401; *Zavodnick v. A. Rose & Son,* 297 Pa. 86. Plaintiff argues that if it was admissible the court should have limited and defined the competency and legal effect thereof. We need only say that no such instruction was requested at any time during the course of the trial.

If the court in its charge assumed that there was substantive evidence of drinking on the part of plaintiff and

his son, it may be answered that the assumption was not necessarily founded upon the son's statement, for defendant produced other evidence that was unquestionably competent and which was entirely independent of the statement, and from which the jury might reasonably have inferred that the operator and his father had been drinking. Furthermore, at the conclusion of the charge, plaintiff's counsel was asked for any corrections or additions. Had the court been requested to point out the limited effect of the son's statement to the doctor, it would doubtless have done so. Under repeated rulings of this court, plaintiff may not now be heard to complain. Plaintiff's complaint that defendant was improperly permitted to introduce several other statements alleged to have been made by plaintiff's son must be dismissed in view of the fact that no objections were interposed to their admission. "Where evidence, incompetent as hearsay, is admitted without objection and is relevant and material to the fact in issue, the court may give it the value of direct evidence": *Poluski v. Glen Alden Coal Co.*, 286 Pa. 473, 476.

In its charge the court commented on the fact that certain witnesses were disinterested and that their testimony might be considered accordingly. This has been assigned as error. The court was referring to the medical testimony that was adduced on both sides. The jury was merely told that several physicians, some of whom testified for plaintiff and some of whom testified for defendant, might all be considered as disinterested witnesses. Clearly there was no error in this respect.

The assignments of error are all without merit and there is no reason for granting a new trial.

Judgment affirmed.