Goettel *v.* Pittsburgh Coal Company, Appellant.

Argued April 8, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Daniel H. Gibson,* with him *Rose & Eichenauer,* for appellant.

*Maurice L. Kessler,* for appellee.

OPINION BY BALDRIGE, J., June 26, 1940:

The sole controversy before us is whether the claimant sustained the burden of showing that her husband met his death by an accident in the course of his employment within Section 301 of the Workmen's Compensation Act, approved June 2, 1915, P. L. 736 (77 PS §411). The compensation authorities granted an award which was sustained by the court below.

While the findings of the board, when supported by sufficient competent evidence, are binding on us there remains for determination whether there is such evidence to support the findings, as that is a question of law which may be reviewed on appeal: *Monahan v. Seeds Durham,* 336 Pa. 67, 6 A. 2d 889.

There is no dispute over the essential facts. On December 17, 1936, the decedent, 54 years of age, employed by the defendant as a carpenter, went to work apparently in good health. About 2:30 P. M. he and five or six of his fellow employees were moving an empty mine car, weighing about 1700 pounds a distance of ten or fifteen feet, into a workshop for repairs. The car, which was off the track, had to be swung around by alternately pushing and shoving while some of the workmen were standing on the bumper at the other end. There is no evidence that this work was unusual or harder than the

customary labor of the decedent, nor is there any proof that he slipped, fell, or of any other circumstance of an extraordinary character that could be deemed to be an accident. It was a part of Goettel's ordinary work to assist in placing cars needing repairs in the workshop. He worked the rest of the day after the alleged accident without any complaint of pain or of a reference to a mishap.

Upon arriving home at about 5:30 P. M. he informed his wife that he had hurt himself while putting a car in the workshop and complained of pain. No objection was made to her testimony until after she had left the stand and another witness had testified and then no motion was made to strike out the statements of her husband. We do not regard the evidence as admissible as part of the res gestae (*Broad St. Tr. Co. v. Heyl Bros. et al.*, 128 Pa. Superior Ct. 65, 193 A. 397) but if evidence, incompetent as hearsay, is admitted without objection and is material to the issue it may be considered: *Harrah v. Montour Railroad Company*, 321 Pa. 526, 184 A. 666. The wife observed that her husband was suffering and unable to eat his supper.

That evening, he went to the office of Dr. Field and stated that while at work he had lifted a heavy coal wagon and noticed a pain in his left chest. The doctor testified that his physical examination showed a pulse of 110, blood pressure 152/94, and that he had an auricular flutter and signs of early decompensation. He ordered Goettel to bed where he remained until January 4. As his condition had been growing gradually worse Dr. Field sent him to the Mercy Hospital under the care of Doctors Weil and Mullins. He died there January 13, 1937.

Dr. Field testified further that Goettel had called to see him on December 5, 1936, when he had a cold accompanied by a cough and sour stomach. He then found that his patient did not have a sound heart. He expressed the opinion that a severe strain by the decedent in lifting

the mine car was a contributing cause to his death. This conclusion was based on the supposition that the decedent had suffered "extraordinary strain."

Earl Simmons, a fellow employee called by the claimant testified that previous to the date of the alleged accident the deceased was "short of wind and he didn't seem to have his natural wind for some reason or other." Other co-employees called by the defendant testified that Goettel had complained of being short of breath, pains in the stomach, and of his inability to do his regular work.

Dr. Weil stated that when the deceased entered the hospital, he told him that during the months previous he had constantly been experiencing pain in the region of his stomach, had lost about twenty pounds, and that he was growing progressively weaker every day. The witness testified that the decedent was jaundiced and had difficulty getting his breath; much fluid was in the abdomen, which, together with the other symptoms, convinced him that the patient had cancer. He gradually failed and death resulted from acute toxemia caused by cancer which affected his lungs, liver, and eventually produced heart failure.

Dr. Mullins coincided with this view, stating that his examination showed that there was a malignant mass in the center of Goettel's abdomen which was the primary cause of death as it impaired the function of his heart.

The referee's sixth finding of fact stated that ". . . . . . the decedent prior to December 17, 1936 suffered from a myocarditis which antedated his injury. Said myocardial condition was becoming progressively worse and on December 17, 1936 the decedent, as a result of the overexertion and strain while helping to lift a 1700 pound mine car, aggravated said myocardial condition, setting up a chain of symptoms which precipitated and accelerated the decedent's death on January 13, 1937."

It thus appears that we have a case of a man who had an incurable ailment which inevitably, sooner or later, would have caused death. Disability overtook him after

his return home from work which, on that day, consisted of performing his usual normal duties, unaccompanied by a slip, fall, or any other sudden, unexpected occurrence or mishap. If death had been due to an accident in the course of employment the right to compensation should not be denied because Goettel had been afflicted with a malady which made him more susceptible to an injury: *Monahan v. Seeds & Durham et al.*, supra. The difficulty confronting the claimant is that there is a lack of the essential proof of a compensable accident.

We may have been too liberal in some of our earlier compensation cases dealing with accidental injuries. This is shown in *Adamchick v. Wyoming Valley Collieries Company*, 131 Pa. Superior Ct. 72, 198 A. 451, reversed by the Supreme Court, 332 Pa. 401, 3 A. 2d 377. The present Chief Justice there said (p. 410) : "After giving careful consideration to the provisions of the Workmen's Compensation Act, the policy which underlies it, our own decisions and those of the Superior Court, not all of which seem to be in full harmony, our conclusion is that to secure compensation there must be proof both of an accident and of an injury; an accident cannot be inferred merely from an injury. There must be some evidence of an accident, either direct or circumstantial, in the latter instance clearly and logically indicating it. In this case, there was none. Nor can an injury be inferred simply because there was an accident. There must be proof that the injury resulted from an accident." Cases must be considered now in the light of that opinion.

The decisions relied upon by the appellee are distinguishable in their facts and in our judgment do not rule the case in hand. As an illustration in *Witt v. Witt's Food Market*, 122 Pa. Superior Ct. 557, 186 A. 275, the claimant apparently was a well and healthy man, 28 years of age and had experienced no heart trouble. He stooped over to pick up a quarter of beef weighing 125 pounds and immediately felt the pain in his back and

shoulder and became sick at his stomach. That was an accident.

We think this claim comes under the line of cases where death or disability results from the natural ordinary course of the disease with which one is afflicted prior to the date of the alleged accident.

In *Gausman v. R. T. Pearson Company*, 284 Pa. 348, 131 A. 247, it is clearly stated that the burden is on the claimant to prove that death was due to an accident and not natural causes, and that death or disability hastened by the performance of the usual work and ordinary duties of the employee cannot be treated as an accident. To hold otherwise would be to make an employer an insurer of the life and health of an employee.

This court has pointed out many times following *Gausman v. R. T. Pearson Company*, supra, that while an employee in the course of his employment is performing hard labor, but of the same kind and in the same manner as he has been doing, and death results from the natural development of a pre-existing disease, the death is not the result of a compensable accident even though it may have been precipitated by his work: *Pelusi v. Joseph Mandes & Sons et al.*, 109 Pa. Superior Ct. 439, 167 A. 456; *Amentlar v. New Upper Lehigh Coal Company*, 131 Pa. Superior Ct. 97, 198 A. 678; *Orlando v. Pennsylvania Railroad Company*, 133 Pa. Superior Ct. 588, 3 A. 2d 220; *Miller v. Lycoming Mfg. Company*, 135 Pa. Superior Ct. 558, 7 A. 2d 22; *Minner v. Reno et al.*, 138 Pa. Superior Ct. 37, 9 A. 2d 909; and *Pirillo v. Barber Asphalt Co. & Employers' Liability Assurance Corp.*, 140 Pa. Superior Ct. 334, 13 A. 2d 906, are a few of the cases that could be cited.

As there was not sufficient competent evidence of an accident in the performance of the work in which Goettel had been regularly engaged, the law was not properly applied to the facts by the compensation authorities.

Judgment of the court is reversed and now entered for defendant.