Palinski *v.* State Workmen's Insurance Fund et al., Appellants.

Argued April 11, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*S. H. Torchia,* with him *Ralph H. Behney* and *Claude T. Reno,* Attorney General, for appellants.

*George Jerko,* for appellee.

OPINION BY BALDRIGE, J., June 26, 1940:

The controversial question in this workmen's compensation case is whether the disability from which the claimant was suffering at the date of the award resulted from an injury by accident during the course of his employment. The referee and the board found there was an accident, awarded compensation for total disability and their action was affirmed upon appeal by the court.

The claimant testified that about 10:00 a. m. on September 9, 1937, when working as usual, lifting lumps of coal weighing 60 to 70 pounds, he suddenly became overheated and felt a pain in his body. He attempted to urinate but passed only blood. At the time of the occurrence he was on his knees as the vein of coal was only 3 feet high. In reply to a question whether the lump of coal he was lifting when taken ill was larger than those he had previously handled, the claimant said: "I don't know what happened to me, sometimes we load smaller pieces but sometimes bigger pieces but it just happened to me when I loaded this piece." He made no reference whatever to any slipping or other unusual event. He immediately complained to his son who was working with him that he had injured himself. He remained in the mine the balance of the day but was unable to perform any work.

Upon his arrival home Dr. Milliron, the company physician, and Dr. Kirkwood were called. The claimant was sent to the hospital the next day where he remained for four days under the care of the latter. Neither of these physicians gave testimony. Dr. Zobel, called by the claimant, said that he saw him on March 1, 1938, and that his examination revealed that he was suffering apparently from a serious kidney condition, possibly malignant or tubercular, and referred the patient to Dr. Ray a urologist.

Dr. Ray subjected the claimant to a thorough exami-

nation and found that among the other afflictions he had cancer in the right kidney which had spread to the lower part of the lung. He said the claimant passed blood because he had a kidney tumor and probably had blood in his urine prior to the accident as blood is present in all cases of kidney tumors except those occurring in infancy. He expressed the opinion that the bleeding and his disability would have occurred even if there had been no accident. The doctor assumed there was an accident, which is not borne out by the testimony, as the claimant stated to him that he had slipped while lifting a heavy lump of coal.

The witness therefore concluded that the accident aggravated claimant's preexisting condition and gave rise to the symptoms of which he complained. He testified further:

"Q. Was this accident the cause of this condition or was this disabling in itself, that if the man were examined he should not have been working?

"A. No, he should not have been working. The cancer of the kidney and all these other things were not in any way caused by the accident. I do not see how they could be, but the accident aggravated the condition that existed prior to the accident."

The failure to carry the burden of proving an accident, which was on the claimant, (McMahon v. Edw. G. Budd Mfg. Co., et al., 108 Pa. Superior Ct. 235, 164 A. 850) bars his right of recovery. There was no untoward occurrence, that constitutes a compensable accident. The claimant had been doing the same character of hard work for years, and according to his own testimony in the same manner.

The mere fact that an employee is stricken in the course of his employment raises no presumption of the existence of an accident: O'Neill v. Lehigh Coal & Navigation Co., 108 Pa. Superior Ct. 425, 165 A. 60. The essential factor to establish in this class of cases is a compensable accident. That is the very basis upon

which a claim must rest: *Adamchick v. Wyoming Valley Collieries Company*, 332 Pa. 401, 3 A. 2d 377. In the absence of such a foundation, medical testimony that an ailment with which an employee has been suffering has been aggravated while performing work gives no aid in determining whether one's disability is compensable.

We are not concerned about the opinions of medical experts relative to causal connections in this or any other compensation case until an accident is proven either by direct or circumstantial evidence. In *Fetrow v. Oliver Farm Equip. Sales Co., et al.*, 132 Pa. Superior Ct. 39, 1 A. 2d 249, a medical witness testified that strain was the contributory cause in decedent's death "assuming that he did strain himself at this work that day." The decedent had been suffering from coronary arterial sclerosis, and was subject to an attack at any time although more liable during exertion. We held that the doctor's opinion was not competent as there was no such strain as he assumed, so here there was no accident as supposed by Dr. Ray.

Over-exertion does not include an effort of an employee ordinarily required as part of his labors. Where one is engaged in hard work but of the same kind and intensity as is usually and regularly performed it is not of itself an accident: *McFadden v. Lehigh Navigation Coal Company*, 111 Pa. Superior Ct. 501, 170 A. 314; *Rocco v. Ellsworth Collieries Company*, 111 Pa. Superior Ct. 508, 170 A. 316; *Amentlar v. New Upper Lehigh Coal Company*, 131 Pa. Superior Ct. 97, 198 A. 678.

In a number of our decisions we have endeavored to distinguish between compensable and non-compensable disability. The line of demarcation between the two classes is in some instances somewhat dim, and difficult of determination. Whether a case falls on one side or the other depends often times upon the claimant's condition prior to the time of the alleged disability. If

disability is due not to an accident but to the natural progress of a disease from which claimant is suffering, as here, it is not compensable: *Gausman v. R. T. Pearson Co.,* 284 Pa. 348, 131 A. 247; *Goettel v. Pittsburgh Coal Company,* 140 Pa. Superior Ct. 516, 14 A. 2d 344.

In *Reffner v. Consolidation Coal Company,* 121 Pa. Superior Ct. 11, 182 A. 762, cited by appellee, the claimant, a miner, had sustained serious injuries from a previous accident by a fall of rock. His leg was broken and his back seriously injured as the transverse processes of the lumbar vertebrae had been fractured. The lifting of a piece of timber, which apparently caused an unusual strain and twist, aggravated his condition caused by the previous injury. We there sustained an award.

We think that case and the others cited by the appellee can be readily distinguished in their facts from the present one, which in our judgment comes within that line of cases we have cited.

The judgment is reversed and now entered for appellants.