Collins *v.* State Workmen's Insurance Fund et al., Appellants.

Argued April 25, 1941.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*S. H. Torchia,* with him *Ralph H. Behney, Paul V. Neel* and *Claude T. Reno,* Attorney General, for appellants.

*M. B. McDonald,* of *McDonald, Cray & McDonald,* with him *H. D. Leonard* and *Lee Smith,* for appellee.

OPINION BY BALDRIGE, J., July 1, 1941:

The question that presents itself in this workmen's compensation case is whether the claimant successfully carried the burden of showing by legally competent evidence that her husband met his death as a result of an accident, while in the course of his employment, within section 301, Article III, of the Workmen's Compensation Act, approved June 2, 1915, P. L. 736, 77 PS §411.

An award granted by the referee and board was upheld by the court below. The judgment entered thereon must be reversed.

The essential facts, which are not in dispute, may be stated as follows. Daniel P. Collins, an employee of the Pennsylvania Department of Highways, was on October 27, 1938, working in a quarry, which supplied stone for a public road. About 10 o'clock after "lifting on a stone ...... to place it in shape to split" he complained that he had hurt himself and "held his stomach." He remarked to Thomas Glotfelty, a fellow employee, "I have done it now." The stone, according to the testimony of Glotfelty was "about the size of a bushel basket." He estimated its weight as a couple hundred pounds but admitted that he was "just guessing."

Collins remained on the job until quitting time that afternoon, but ceased doing heavy work, devoting himself to carrying water. He drove his automobile home as usual and returned to his work the next morning and continued to perform lighter duties up to and including November 1, with the exception of Saturday and Sunday, the 29th and 30th of October, when the plant was not in operation.

On November 2, he consulted Dr. Frantz at his private hospital. He complained of pains in his abdomen and of having passed blood from his bowels. The doctor recommended that he be put to bed. Collins told him that he had driven to the institution with a lady and that he would drive her home and return on the train. Approximately one-half hour thereafter Dr. Frantz received a call to come to a blacksmith shop, about four blocks distant, where there was a very sick man. He found Collins there in considerable pain and saw blood on the floor indicating that he had had a hemorrhage. He was removed at once to Dr. Frantz' hospital and apparently improved until November 6, when he had another hemorrhage. He died two days thereafter.

Dr. Frantz, the only medical witness, stated that he had known the deceased for five or more years and had treated him three years before for ulcers of the stomach. He expressed the opinion that death was due to hemorrhage from the stomach or duodenum but performed no post mortem. The deceased had told this witness that he was doing work that was too hard for him and that he had hurt himself while working in a quarry lifting stones, but did not state that he had met with an accident. When the doctor was asked if he could determine the cause of the hemorrhage from the history received, he made no answer.

Opinions of medical experts relative to cause are not helpful until an accident is proven by sufficient competent evidence, either direct or circumstantial: *O'Neill v. Lehigh Coal & Navigation Co.*, 108 Pa. Superior Ct.

425, 165 A. 60; *Fetrow v. Oliver Farm Equipment Sales Co. et al.,* 132 Pa. Superior Ct. 39, 47, 1 A. 2d 249. This record is barren of any evidence of a blow, slip, fall, or twist. The claimant, if entitled to an award, must rely upon a strain due to such an over-exertion as to constitute an accident. She concedes that the deceased was engaged in the performance of his accustomed work and in the ordinary manner.

Enos Van Sickle testified that Collins was not doing anything outside of his usual work, which consisted of breaking stones of different sizes, some small and some large as "that table" but he stated that he did not see this particular stone. Jesse Stair, a foreman, also called by the claimant, said that the stones Collins had been engaged in moving and breaking weighed from 50 to 200 pounds. He said he was doing his regular work as he had been doing previously. Here, as in *Amentlar v. New Upper Lehigh Coal Company,* 131 Pa. Superior Ct. 97, 198 A. 678, and *Fetrow v. Oliver Farm Equipment Sales Co. et al.,* supra, there is no proof of any unusual exertion or that the deceased was doing anything other than his regular labor, which always required a certain amount of exertion.

In *Adamchick v. Wyoming Valley Collieries Company,* 332 Pa. 401, 3 A. 2d 377, an employee alleged to have met with an accident when he attempted to pick up or carry a mine tie weighing between 10 and 15 pounds, and complained to his fellow employee of a pain in his neck. He had previously had a cancerous tumor removed from the left side of his neck. There was expert testimony upon the part of doctors that the alleged accident was the cause of a bone fracture of the lower sixth vertebra, due to trauma that caused or was a marked contributory factor in deceased's death. The board came to the conclusion that the fracture was the result of an accident sustained in the course of employment. We upheld the award: 131 Pa. Superior Ct. 72, 198 A. 451. The Supreme Court in reversing stated

that there was no proof of "some untoward happening, not expected or designed, a mishap or fortuitous happening, aside from the usual course of events;" that there must be some evidence of an accident, either direct or circumstantial, in the latter instance clearly and logically indicating it. The claimant was unable to meet this test. Disability overtaking an employee in the course of his employment is not compensable unless it is the result of an accident: *Gausman v. R. T. Pearson Co.*, 284 Pa. 348, 131 A. 247.

In *Goettel v. Pittsburgh Coal Company*, 140 Pa. Superior Ct. 516, 14 A. 2d 344; *Palinski v. State Workmen's Insurance Fund et al.*, 140 Pa. Superior Ct. 522, 14 A. 2d 347; and in *Dolinar v. Pittsburgh*, 140 Pa. Superior Ct. 543, 14 A. 2d 871, the facts in many aspects were comparable to those before us, but following the Adamchick decision compensation in each instance was disallowed.

In the late case of *Crispin v. Leedom and Worrall Company et al.*, 142 Pa. Superior Ct. 1, 15 A. 2d 549, the claimant was employed as a stock man in the defendant company engaged in the wholesale grocery and produce business. His duties consisted of unloading cars and storing merchandise in the warehouse. These goods were loaded on trucks and pushed into an elevator where they were taken to different floors. The claimant, with a fellow employee, had loaded 40 cases on a truck, which when loaded had a total weight of 1750 pounds. When the elevator arrived at the fourth floor it stopped 1½ inches below the warehouse floor. They were unsuccessful in their initial attempt to push the truck off the elevator over the elevation. Immediately after the second effort to move the truck from the elevator the claimant experienced a pain, shortness of breath, and became ill. We held that he, having a somewhat weakened heart, without the application of any external force, suffered a heart strain which constituted an ac-

cident. Judge CUNNINGHAM, the writer of the opinion when this case was before us, exhaustively reviewed and classified many of our decisions including *Betts v. American Stores Co.,* 105 Pa. Superior Ct. 452, 161 A. 589; *Cowell v. F. W. Woolworth Co.,* 119 Pa. Superior Ct. 185, 180 A. 752; *Witt v. Witt's Food Market,* 122 Pa. Superior Ct. 557, 186 A. 275; and practically all the other cases relied upon by this claimant, placing them within the fourth class in which the majority of this court felt the Crispin case belonged.

The Supreme Court reversed, 341 Pa. 325, 19 A. 2d 400, in which it stated that conditions similar to those existing at the time of the alleged accident had been encountered a number of times in the course of the claimant's regular employment; that there was mere proof of disability over-taking an employee at his work which could not be said to amount to an accident in common parlance or within the meaning of our compensation act. In the course of the opinion Chief Justice SCHAFFER, speaking for the court, said: "We have held that disability or death merely hastened by the work in which the employee has been regularly engaged (the situation before us) cannot be treated as accidental. In *Lesko v. Lehigh Valley Coal Co.,* 270 Pa. 15, 112 A. 768, the claimant was stricken while engaged in his usual task of breaking rock in one of the defendant's collieries, and was rendered unconscious and paralyzed on one side as the result of cerebral apoplexy. There was medical testimony to the effect that he was afflicted with an enlarged heart and arteriosclerosis. We disallowed compensation because at the time of the hemorrhage he was performing the same kind of work in which he had been customarily engaged." See, also, *Minner v. Reno et al.,* 138 Pa. Superior Ct. 37, 9 A. 2d 909, which has many analogous features to this case.

In view of the recent utterances of the Supreme Court to which we have referred, we are constrained to hold

that the claimant has not carried the burden of proving that death was due to an accident.

Judgment is reversed and entered for defendant.