Opinion by
 

 Rhodes, J.,
 

 On this appeal in this workmen’s compensation case, in which claimant is the widow of a deceased employee who died following an operation for hernia, the question involved is whether the finding of the referee and the Workmen’s Compensation Board that deceased was not injured by “an accident” in the course of his employment must be sustained. Claimant’s petition averred that her husband died on September 29, 1938, as the result of an accidental injury received in the course of his employment with defendant employer. An answer was filed in which it was denied that deceased suffered any accident or injury while in the employ of defendant employer. After hearing, the referee disallowed compensation on the ground that claimant failed to show that the death of deceased was due to an accidental injury while in the course of his employment. The Workmen’s Compensation Board, on petition of claimant, granted a rehearing. A second hearing was held before the referee, who again disallowed compensation. Claimant appealed to the board, which affirmed the referee’s findings of fact, conclusions of law, and order of disallowance. Claimant then took an appeal to the court of common pleas, which reversed the board and entered judgment for claimant. The employer’s insurance carrier has appealed.
 

 Defendants offered no testimony.
 

 Deceased, a man 54 years of age, was employed by defendant employer for nine years as a moulder. The
 
 *515
 
 bench at which he worked was waist high. After completing his work on each mould weighing approximately 45 pounds, he carried it elsewhere. On September 15, 1938, the day of his alleged injury, deceased was engaged in his usual work. A fellow employee, Charles E. Ash-ton, testified, subject to objection, that at approximately 12:30 p. m. on that day deceased “came to my bench and asked me if I was ever bothered with pain down in my groin across the abdomen, I told him I have had and he asked what I did for it and I told him and he asked what I thought the cause of it was and I told him what the cause of it was in my case and I suggested wearing a suspensory, and he told me that shortly before that while carrying out a mould this pain struck him....... He said as he was carrying a mould out the pain shot down in the groin across his abdomen.” There was some uncertainty as to whether deceased said “shortly before,” “short while before,” or “some while before.” Deceased worked the remainder of the working day. Claimant testified that when he returned home at 4 p. m. she noticed that he was sick, that she saw the red swollen protrusion of the hernia, and that these conditions were not present when he departed for work that morning. Subject to objection, she related the story given her by deceased when he returned home to the effect that he had been hurt, that “pain shot in” when he lifted the mould, that he set it down and immediately “told this other man.” The next day deceased visited his family physician, who made a diagnosis of left inguinal hernia, and referred him to Dr. John L. Atlee, Sr., who advised an operation. On September 17, 1938, he reported the matter to his employer who had the diagnosis confirmed by the company physician. Dr. Atlee testified that the operation resulted in his death. He could not determine from his examination whether the hernia was of recent origin. His opinion, from the history of the case, was that the cause of the hernia was a strain in lifting the mould.
 

 
 *516
 
 The referee’s sixth finding of fact affirmed by the board reads: “6. There is ,no testimony ¡of record whatever of anyone who saw the happening of an accident. The only testimony bearing upon the happening of an accidental injury is the testimony of Charles E. Ashton who did not see the happening but to whom the decedent spoke about 12:30 p. m. on September 15, 1938. We do not know the time an accident was supposed to have happened nor whether the [decedent] had a fall or slipped. According to the testimony, the [decedent] was doing his usual work on this day and had no lift which was out of the ordinary. Taking into consideration all the testimony of record we find that the [decedent] did not sustain an accidental injury on September 15, 1938, and that his death was not the result of an accidental injury.”
 

 At the time of deceased’s alleged accident there were no statutory requirements in the compensation act then in force relating specifically to the essential proofs in hernia cases.
 
 Palermo v. North East Preserving Works, Inc., et al.,
 
 141 Pa. Superior Ct. 211, 212, 15 A. 2d 44;
 
 Orlandini v. Volpe Coal Co.,
 
 145 Pa. Superior Ct. 129, 134, 20 A. 2d 870. Nevertheless, the burden was on claimant to show that deceased sustained an injury by an accident in the course of his employment, and that his death resulted from such accidental injury.
 

 The mere fact that disability overtakes an employee while engaged in his accustomed work in the usual manner is not sufficient to establish an accident. “An accident cannot be inferred merely from an injury. There must be some evidence of an accident, either direct or circumstantial, in the latter instance clearly and logically indicating it”:
 
 Adamchick v. Wyoming Valley Collieries Co.,
 
 332 Pa. 401, at page 410, 3 A. 2d 377, at page 381. See
 
 Paydo v. Union Collieries Co.,
 
 146 Pa. Superior Ct. 385, 22 A. 2d 759.
 

 In the case before us the court below, in reversing the compensation authorities and entering judgment for
 
 *517
 
 claimant, said
 
 that
 
 in its opinion claimant showed by competent testimony that the death of deceased was due to an accidental injury sustained in the course of his employment with defendant employer, and that the referee and board did not properly apply the law to the facts of the ease. We gather from the opinion of the court below that it has reference principally to the testimony of Ashton and Dr. Atlee.
 

 We cannot agree that the board was obliged to accept the testimony of Ashton as to deceased’s utterances, and conclude that he had sustained an accident in the course of his employment. The board’s rejection as part of the-res gestae of the declarations of deceased made to claimant and to Ashton was not error. The declarations of deceased made to claimant at 4 o’clock in the afternoon, several hours after the alleged accident and upon his return from work 12 miles distant, were clearly inadmissible as part of the res gestae.
 
 Heite v. Vare Construction Co. et al.,
 
 129 Pa. Superior Ct. 204, 206, 195 A.
 
 437; McMahon v. Edward C. Budd Mfg. Co. et al.,
 
 108 Pa. Superior Ct. 235, 239, 164 A. 850;
 
 Riley v. Carnegie Steel Co.,
 
 276 Pa. 82, 84, 119 A. 832.
 

 Deceased’s conversation with Ashton was at 12:30 p. m. We think the board made a proper appraisal of this conversation. It was certainly not a spontaneous utterance immediately succeeding the act in question.
 
 Riley v. Carnegie Steel Co.,
 
 supra, p. 84. Deceased’s workbench was 50 or 60 feet from Ashton’s, and other men were working closer to deceased than Ashton. Prom what deceased said to Ashton it would be a mere conjecture to say when, or under what circumstances, the pain occurred. The board could not fail to recognize that the time of the occurrence was most indefinite, and could not be fixed with any degree of certainty.
 
 Kirby v. Carnegie-Illinois Steel Corp.,
 
 145 Pa. Superior Ct. 121, 124, 21 A. 2d 123. It may have been between 12 and 12:30 o’clock, or it may have been before the lunch period which began at 11:30. In the conversation as
 
 *518
 
 narrated by Asbton there were no indications of immediate disability, and there was no other proof presented. In fact, deceased continued Ms work without complaint for the balance of the day.
 

 But even accepting the testimony of Ashton as admissible, the board was of the opinion it only established that what deceased was doing was merely coincidental with the onset of the pain, and that it occurred while he was engaged in doing his accustomed task. At most, it shows that deceased experienced a sudden sharp pain in the left groin while carrying (not lifting) a mould which may have weighed about 45 pounds. He had been working for defendant employer for a period of nine years, and there is not the slightest indication that his work on this day was in any way unusual, or that he suffered a strain, slip, twist, fall, sprain, or any undesigned, unexpected or fortuitous-, external event, outside the usual incidents attendant upon the work in which he was engaged when the pain occurred. See
 
 Royko v. Logan Coal Co. et al.,
 
 146 Pa. Superior Ct. 449, 22 A. 2d 434, 435.
 

 In
 
 Camilli v. Pennsylvania Railroad Co.,
 
 135 Pa. Superior Ct. 510, at page 513, 7 A. 2d 129, at page 130, we said: “Where the injury is wholly within the body, proof of the accidental cause often must rest upon circumstances attending it:
 
 Betts v. American Stores Co.,
 
 105 Pa. Superior Ct. 452, 161 A. 589;
 
 Roland v. Frantz,
 
 134 Pa. Superior Ct. 24, 3 A. 2d 279. Particularly is this true of a hernia, an injury which often results from lifting a weight not in itself excessive, but done in such a manner as to produce undue strain. The posture of the individual while lifting, and not the weight, may determine the result. An injury so caused may be regarded as an unexpected or fortuitous event or happening. ‘It is not the lifting that constitutes the accident, but the strain or sprain resulting therefrom. ......An injury by accident may occur in the course of the normal duties of an employee and without over
 
 *519
 
 exertion, when a strain, sprain, or twist causes a break or sudden ehange in the physical structure or tissues of the body’:
 
 Witt v. Witt’s Food Mkt.,
 
 122 Pa. Superior Ct. 557, 186 A. 275.” The record before us is barren of any competent evidence of this nature.
 

 Claimant’s testimony concerning the appearance of deceased’s body in the morning and again in the afternoon merely showed that the hernia appeared some time between the time he went to work and the time he returned.
 
 McMahon v. Edward C. Budd Mfg. Co. et al.,
 
 supra, p. 240. It obviously could not establish an accident.
 

 Claimant’s burden to prove her case by a preponderance of the evidence
 
 (Stauffer v. Susquehanna Collieries Co.,
 
 116 Pa. Superior Ct. 277, 280, 176 A. 740) would not be met by vague and indefinite testimony as to an accident. As said in
 
 Seitzinger v. Fort Pitt Brewing Co.,
 
 294 Pa. 253, 258, 144 A. 79, the burden of proof was upon the claimant, and, if, in the opinion of the board, such evidence is so indefinite that it cannot be accepted as a basis for a finding which would sustain an award, no compensation need be given.
 

 Dr. Atlee’s professional opinion was based upon the assumption that deceased strained himself, which was not established ,by the evidence. “Opinions ¡of piedical experts ¡relative ,to cause <are not helpful until an accident is proven by sufficient .competent evidence, either direct or circumstantial:
 
 O’Neill v. Lehigh Coal & Navigation Co.,
 
 108 Pa. Superior Ct. 425, 165 A. 60;
 
 Fetrow v. Oliver Farm Equipment Sales Co. et al.,
 
 132 Pa. Superior Ct. 39, 47, 1 A. 2d 249”:
 
 Collins v. State Workmen’s Ins. Fund et al.,
 
 145 Pa. Superior Ct. 182, at page 184, 20
 
 A.
 
 2d 901, at page 902.
 

 In
 
 Fye v. Baltimore & Ohio Railroad Co.,
 
 133 Pa. Superior Ct. 550, 3 A. 2d 275, deceased was raising a steel car by means of a jack when jie sustained an abrupt and violent .disarrangement of his organs, diagnosed as intra- abdominal hernia. The compensation ,authorities
 
 *520
 
 found that this was “the result ,of an .extra lift and overexertion” on part of the decedent in ¡raising the steel ¡car by means of the jack. Although in this case there was no finding that the jack ,or handle ¡by which it was operated slipped, there was competent testimony that the jack slipped ,at the time deceased sustained his injury. In
 
 Palermo v. North East Preserving Works, Inc., et al.,
 
 supra, claimant sustained an incomplete indirect right inguinal hernia when he had assumed “sort of a twisted position” in lifting a case of canned goods. In
 
 Orlandini v. Volpe Coal Co.,
 
 supra, there was a finding that claimant .became totally disabled due to a femoral hernia resulting from a strain .caused by the moving of a rock. There was evidence of a severe straining effort while claimant was attempting to lift the rock weighing approximately 150 pounds. In
 
 Camilli v. Pennsylvania Railroad Co.,
 
 supra, claimant had thrown a piece ,of ice weighing 25 to 30 pounds into a tank three feet above his head when he sustained a hernia; the symptoms of an acute hernia became immediately manifest. ( In these hernia cases the award was properly sustained ,as in each there was /sufficient evidence to justify the finding ,of an accidental cause. In the present case the compensation authorities found that deceased did not sustain an accident, and that his death was not the result .of an accidental injury ion the day in question. We are obliged to conclude that, the record supports the findings and conclusions of the compensation authorities that claimant had not met the burden of proving .by competent evidence that deceased’s death was the result .of an accidental injury in the course of his employment.
 

 Judgment is reversed, and is here entered for defendant.