Foster, Appellant, *v.* State Emergency Relief
Administration et al.

Argued March 10, 1942.

Before KELLER,
P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KEN-
WORTHEY, JJ.

*Maurice Yoffee,* with him *J. E. Small,* for appellant.

*S. H. Torchia,* with him *Ralph H. Behney* and *Claude
T. Reno,* Attorney General, for appellee.

OPINION BY RHODES, J., April 22, 1942:
The history of this workmen's compensation case dis-

closes that subsequent to September 11, 1936, when claimant filed a petition for compensation for the death of her husband, the referee three times made an order of disallowance, and three times the Workmen's Compensation Board affirmed the referee. The court of common pleas has affirmed the board and dismissed claimant's appeal. She has now appealed to this court.

The basic reason for the disallowance was that deceased did not sustain an accidental injury in the course of his employment.

On April 8, 1935, and for some time prior thereto, deceased was employed as a laborer by the State Emergency Relief Administration. Claimant contends that on that day deceased was hit on his lower lip by a "spall of stone" from a chipping hammer as he was walking along a runway which was close to where men were "riprapping," and that this injury by accident resulted in angiosarcoma, or aggravated pre-existing angiosarcoma which caused his death on June 5, 1936.

We find no reason to discuss the testimony given by claimant and deceased's foreman, A. G. Hicks, as the board refused to believe it.[1] It is elementary that the credibility of witnesses in compensation cases is for the fact-finding bodies and not for the courts. *Barton v. Pittsburgh Coal Co.*, 113 Pa. Superior Ct. 454, 462, 173 A. 678. As the record has not been printed we have

---

[1] The board made, inter alia, the following findings of fact:

"9. The testimony of the witness, A. G. Hicks, given at the second hearings before Referee Young, concerning the time and place of declarations made to him by the decedent which would tend to establish that the decedent sustained injuries by accident during the course of his employment with the defendant is so inconsistent with the testimony given by the said witness at the first hearings before Referee Young that we are of the opinion and find as a fact that the alleged declarations of the decedent to the witness, A. G. Hicks, were not in fact made by the decedent.

"9-A. The testimony of the claimant, Louise Foster, is inconsistent and contradictory."

carefully reviewed the original record in this case. The many inconsistencies and contradictions in the testimony of these witnesses, in our opinion, justified the action of the board.

Dr. W. F. Gemmill, a witness for claimant, testified that deceased consulted him on May 17, 1935, "for a lesion of the lip." It was a growth involving the lower lip on the left side, which bled easily when touched. A biopsy disclosed angiosarcoma, a rare type of tumor. The growth was cut out, but later the glands in deceased's neck began to enlarge and a hemorrhage resulted. Dr. Gemmill had a history given by deceased of no prior lesion, and of a direct injury to the lip when struck by a foreign body about a month previous to the examination. The doctor testified that, if there had been a direct injury to the lip and no lesion prior thereto, deceased's condition was due to trauma, and that, if a prior lesion existed, an injury could have aggravated the condition.[2] Such testimony standing alone was not sufficient or competent to establish the alleged accident on April 8, 1935. His testimony was admissible as to deceased's condition and symptoms, but not as to cause. Opinions of medical experts relative to cause are not helpful until an accident is proved by sufficient competent evidence, either direct or circumstantial. *Collins v. State Workmen's Insurance Fund et al.*, 145 Pa. Superior Ct. 182, 184, 20 A. 2d 901; *Eckman v. U. S. Lock & Hardware Co. et al.*, 146 Pa. Superior Ct. 513, 519, 23 A. 2d 232. Plaintiff's theory is that the condition which eventually caused deceased's death resulted from an injury sustained while he was employed by the State Emergency Relief Ad-

---

[2] The board's finding of fact No. 5-A was as follows:

"5-A. Dr. W. F. Gemmill testified that, in his professional opinion, if the decedent suffered trauma to his lower lip, then that trauma was the precipitating factor in the chain of causation which led to the decedent's death which occurred on June 5, 1936, as the result of angiosarcoma."

ministration on the Codorus Creek, York, Pa., on April 8, 1935; but there is in the record no direct evidence that he sustained any accidental injury.[3]

John H. Lenhart, who was the only witness called at the last hearing after the court of common pleas had remitted the case to the board for further proceedings, testified that he had worked on the same project with deceased, that he saw deceased walking on the runway, and that he noticed blood running from the left side of his mouth. He was not definite as to the date. On direct examination he testified that there were no sores on deceased's face prior to this occasion, while on cross-examination he admitted deceased had a spot or mark on his face near the cheekbone.

The evidence relative to the condition of deceased's face prior to the alleged accident was conflicting. Claimant's other witnesses testified that prior to April 8, 1935, deceased had no sores on his face. Defendant's witnesses Harry Strausbaugh and Felix S. Bentzel, Jr., testified to the contrary. Strausbaugh, a storekeeper, who knew deceased for about five years, testified that before 1935 he frequently observed a sore spot, about the size of a quarter, on deceased's lower left cheek; that he had "something in his mouth that looked to me like a gum-bile that you get—and raised up slightly"; and that once in a while he would see deceased have a "rag on the spot on the cheek." Bentzel, a post office employee, testified that deceased worked for him prior to 1935; that the mark on deceased's left cheek was as large as a half dollar; that it had the appearance of a wart; and that it was discolored and very unpleasant to look at. Herbert W. Bahn, a witness called by defendant, testified that he was employed as injury clerk

---

[3] The board's finding of fact No. 12-A was in part:

"There is no direct testimony contained in the record as to the happening of an accident to the decedent on April 8, 1935, or at any other time during the course of his employment with the defendant."

for the State Emergency Relief Board at the time of the alleged injury to deceased, and that he had no report or record of any injury to deceased at any time.

The inferences from the accepted facts established by competent and substantial evidence were in the first instance for the referee to draw, and finally for the board. The fact that deceased had the condition on the lower left lip in May, 1935, which bled very easily as Dr. Gemmill said, and the fact that deceased had, previous to April, 1935, a condition on his left cheek and in his mouth as described by the witnesses Strausbaugh and Bentzel are sufficient to warrant and support the board's finding of fact No. 12-A, which reads in part as follows: "The circumstantial evidence of blood coming from the growth near the decedent's lower lip during the hours of his employment with the defendant on April 8, 1935, does not clearly and logically indicate that an accident occurred immediately prior thereto for this circumstance is capable of the interpretation that blood came from the growth naturally as well as through accident."

The compensation authorities and the court below have afforded claimant unlimited opportunity to establish her claim. No convincing reason has been advanced which would lead us to disturb the disposition of the case which has been made.

The dismissal of claimant's appeal by the court below is affirmed, and the record is remitted with direction that judgment be entered for defendant.