J-S45033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA AARON MONIGHAN | : | |
| | : | |
| Appellant | : | No. 190 MDA 2025 |

Appeal from the Order Entered January 24, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0001479-2021

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED: FEBRUARY 27, 2026**

Joshua Aaron Monighan appeals, *pro se*, from the order entered January 16, 2025, following a hearing,[1] finding him in contempt of court for failure to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Monighan filed his instant notice of appeal on January 23, 2025, purporting to appeal from a judgment of sentence entered January 16, 2025.  After our review, the order holding Monighan in contempt was not entered on the trial court docket until January 24, 2025.  Generally, no order is appealable until properly entered on the docket.  **See** Pa.R.A.P. 301(a)(1) ("Except as provided in subparagraph (2) of this paragraph, no order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court.").  As we discuss further in the body of this decision, Monighan failed to order any transcripts in connection with this appeal, including those for the contempt hearing.  As such, we are unable to review what the trial court may have ordered in open court at that January 16, 2025 hearing.  In any event, even if Monighan filed the appeal prematurely, we may consider it, as the appealable order was properly entered the following day.  **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").  We have amended the caption accordingly.

pay costs and fines associated with his prior criminal case. We dismiss the appeal due to material hindrances to our review. Additionally, we deny, as moot, the Commonwealth's September 29, 2025 application to quash.

The trial court set forth the facts of this case as follows:

> This appeal arises from th[e trial] court's finding of contempt for [Monighan's] failure to pay costs and fines associated with the above-captioned docket. To date, [Monighan] has failed to request the transcript of the contempt hearing held before th[e trial] court on January 16, 2025, prohibiting meaningful review of this matter. It is also further noted, that after the finding of contempt, [Monighan] immediately paid the purge condition of $400 to the clerk of courts and was not incarcerated.
>
> [Monighan's] concise statement of errors complained of on appeal seeks relief based on [his] belief that th[e trial] court and/or the Pennsylvania State Police lacked jurisdiction. [Monighan] was sentenced in this matter on January 20, 2022. [Monighan] filed a notice of appeal on February 18, 2022, in which he made a reference to the jurisdictional authority of the Pennsylvania State Police. [Monighan's] appeal was ultimately dismissed by the Superior Court.[2] Therefore, any issue as to jurisdiction has been fully litigated, and any new issues regarding [Monighan's] argument for lack of jurisdiction are waived and untimely.

Trial Court Opinion, 7/17/25, at 1 (unnecessary capitalization omitted).

Prior to reaching the merits of this appeal, we observe that Monighan's appellate brief violates the rules of appellate procedure, thereby preventing meaningful review.[3] Specifically, Monighan purports to raise fifteen separate

---

[2] **See Commonwealth v. Monighan**, 328 MDA 2022 (Pa. Super., filed Mar. 31, 2023) (unpublished memorandum decision).

[3] Our observation accords with the Commonwealth's argument, raising similar concerns, in its application to quash filed in this Court.

issues on appeal. **See** Appellant's Brief, at 21-23. Nevertheless, Monighan fails to properly dedicate a separate portion of the argument for each issue he purports to raise; indeed, the argument portion of Monighan's brief, which rambles incoherently across six pages, combines all of the issues Monighan raises, in violation of Pennsylvania Rule of Appellate Procedure 2119(a). **See** Appellant's Brief, at 32-37; **see also** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Monighan's violation of this rule materially impedes our review, especially insofar as he mixes claims sounding in challenges to both the underlying criminal case as well as the contempt adjudication he now purportedly appeals, thus requiring dismissal of the whole instant appeal.[4] **See Commonwealth v. Hardy**, 918

_____

[4] For instance, Monighan's brief asserts that:

> Now where [sic] in the matter has jurisdiction, vehicle code authority, or probable cause been answered by the State Police or the court house. Therefore, all actions by the courthouse are with out [sic] redress by their own recognizance. Void ab inicia [sic] and if continued this matter deserve a remand so Glenn Parno, so I can face my accuser can take the stand [sic] for questioning and he must bring his law book and reading glasses.

Appellant's Brief, at 33 (unnecessary capitalization omitted). Additionally, Monighan's brief, in the conclusion, requests, _inter alia_, that:

*(Footnote Continued Next Page)*

- 3 -

A.2d 766, 771 (Pa. Super. 2007) ("when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived"); *see also Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) ("[B]riefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this

---

> [The trial court] must be held to operate his court room were [sic] what facts can be reviewed as original jurisdiction has been ignored by [the trial court] and the courthouse. [The trial court] must redress vehicle code authority[. The trial court] must address pro[b]able cause. And the answer [the trial court] finds will become his jurisdiction or his treason. For the above stated reason the [trial] court house should only record true and accurate records established by original jurisdiction with probable cause and original vehicle code authority.

Appellant's Brief, at 37 (unnecessary capitalization omitted).

To the extent Monighan raises challenges to his underlying conviction, he is no longer incarcerated and thus ineligible for relief thereon. *See Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009) ("[T]he [Post Conviction Relief Act] precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence."). Insofar as Monighan challenges the court's jurisdiction to find him in contempt, we conclude the trial court was properly vested with jurisdiction to do so. *See Commonwealth v. Wright*, 346 A.3d 806 (Pa. Super. 2025) (observing that upon default of ordered payment of court costs, restitution, and fines, issuing authority may conduct hearing to determine whether defendant is financially able to pay and appropriate next steps) (*citing* 42 Pa.C.S. § 9730); *see also Commonwealth v. Diaz*, 191 A.3d 850, 866 (Pa. Super. 2018) (observing, "prior to imprisoning a contemnor for failure to pay fines or costs, the trial court must render findings of fact on the contemnor's financial resources"); *In re Estate of Disabato*, 165 A.3d 987, 992 (Pa. Super. 2017) ("The power to punish for contempt, including the power to inflict summary punishment, is a right inherent in the courts and is incidental to the grant of judicial power under the Constitution. The court may order civil or criminal contempt.") (citation omitted).

Court may quash or dismiss an appeal if the defect in the brief is substantial."); Pa.R.A.P. 2101 (if appellant's brief fails to conform with rules of appellate procedure in all material respects, appeal may be quashed or dismissed). While we are "willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special" treatment and must comply with the Rules of Appellate Procedure. **Tchirkow**, 160 A.3d at 804.

Further, in contravention of his clear obligation, Monighan has not ordered the transcripts of the January 16, 2025 contempt hearing, and we are thus not able to review his challenges to that proceeding. **See Commonwealth v. Bongiorno**, 905 A.2d 998, 1000 (Pa. Super. 2006) (*en banc*) ("Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty."); *see also Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) ("In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.").[5]

---

[5] **See also Preston**, 904 A.2d at 7-8 ("With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. [**See**] Pa.R.A.P. 1911(a). [. . .] When the appellant [. . .] fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the
*(Footnote Continued Next Page)*

As our review is materially hampered by both the deficiencies in Monighan's appellate brief as well as his failure to ensure the contempt hearing transcript was included in the certified record, we dismiss the instant appeal. ***Commonwealth v. Adams***, 882 A.2d 496, 497 (Pa. Super. 2005) (stating that *pro se* litigant "must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing").

Appeal dismissed. Application to quash denied as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2026

---

responsibility of the appellate courts to obtain the necessary transcripts. In the absence of specific indicators that a relevant document exists but was inadvertently omitted from the certified record, it is not incumbent upon this Court to expend time, effort[,] and manpower scouting around judicial chambers or the various prothonotaries' offices of the courts of common pleas for the purpose of unearthing transcripts, exhibits, letters, writs[,] or PCRA petitions that well may have been presented to the trial court but never were formally introduced and made part of the certified record.") (some citations omitted).